IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INTERMEC TECHNOLOGIES CORP., a Delaware corporation, <br><br> Plaintiff, <br><br> v. <br><br> PALM, INC., a Delaware corporation, <br><br> Defendant. | C. A. No. 07-272-SLR <br><br> **JURY TRIAL DEMANDED** |

### DEFENDANT PALM, INC.'S ANSWER, DEFENSES, COUNTERCLAIMS, AND JURY DEMAND

Defendant Palm, Inc. ("Palm") answers the Complaint for Patent Infringement of Intermec Technologies Corp. ("Intermec") as follows:

### JURISDICTION AND VENUE

1. Palm admits that this action arises under the Patent Laws of the United States, 35 U.S.C. § 101 et seq., and that there is subject matter jurisdiction under 28 U.S.C. § 1338(a).

2. Palm admits that venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(b).

### THE PARTIES

3. Palm lacks information and belief as to Intermec's incorporation and principal place of business and denies the allegations in paragraph 3 upon that basis.

4. Palm admits the allegations in paragraph 4.

### ASSERTED PATENTS

5. Palm admits that United States Patent No. 5,349,678 ("the '678 patent") is entitled "Versatile RF Data Capture System," and was issued by the United States Patent and Trademark Office on September 20, 1994. Palm admits that what purports to be a copy of the

'678 patent is attached to Intermec's Complaint. With respect to the remainder of the allegations of paragraph 5, Palm lacks sufficient information on which to form a belief as to the truth of the allegations, and on that basis denies each and every such allegation.

6. Palm admits that United States Patent No. 5,568,645 ("the '645 patent") is entitled "Versatile RF Data Capture System," and was issued by the United States Patent and Trademark Office on October 22, 1996. Palm admits that what purports to be a copy of the '645 patent is attached to Intermec's Complaint. With respect to the remainder of the allegations of paragraph 6, Palm lacks sufficient information on which to form a belief as to the truth of the allegations, and on that basis denies each and every such allegation.

7. Palm admits that United States Patent No. 5,987,499 ("the '499 patent") is entitled "Versatile RF Data Capture System," and was issued by the United States Patent and Trademark Office on November 16, 1999. Palm admits that what purports to be a copy of the '499 patent is attached to Intermec's Complaint. With respect to the remainder of the allegations of paragraph 7, Palm lacks sufficient information on which to form a belief as to the truth of the allegations, and on that basis denies each and every such allegation.

8. Palm admits that United States Patent No. 5,468,947 ("the '947 patent") is entitled "Pocket Size Data Capture Unit With Processor and Shell Modules," and was issued by the United States Patent and Trademark Office on November 21, 1995. Palm admits that what purports to be a copy of the '947 patent is attached to Intermec's Complaint. With respect to the remainder of the allegations of paragraph 8, Palm lacks sufficient information on which to form a belief as to the truth of the allegations, and on that basis denies each and every allegation.

9. Palm admits that United States Patent No. 5,892,971 ("the '971 patent") is entitled "Portable Data Processing Device Having An Indicia Reader And A Multi-Tasking

Operating System Capable Of Executing Battery Monitoring Instructions While Concurrently Executing Application Programs," and was issued by the United States Patent and Trademark Office on April 6, 1999. Palm admits that what purports to be a copy of the '971 patent is attached to Intermec's Complaint. With respect to the remainder of the allegations of paragraph 9, Palm lacks sufficient information on which to form a belief as to the truth of the allegations, and on that basis denies each and every allegation.

10.     Palm admits that it sells the Palm Treo 700w, Treo 700wx Treo 750 products Palm denies that its products infringe the patents-in-suit, and on that basis denies all remaining allegations in paragraph 10.

## FIRST CLAIM FOR RELIEF

11.     Palm lacks information upon which to form a belief as to the truth of the allegations in paragraph 11, and on that basis denies each and every allegation in paragraph 11.

12.     Palm denies that it has been and is infringing, inducing the infringement of, and/or contributing to the infringement of the '678 patent, and on that basis denies the allegations in paragraph 12.

13.     Palm denies that it has caused Intermec any injury or damages, and further denies that Intermec is entitled to recover from Palm any damages or compensation, and on that basis denies the allegations in paragraph 13.

14.     Palm denies that it has been and is willfully and deliberately infringing the '678 patent, and further denies that Intermec is entitled to any damages from Palm, and on that basis denies the allegations in paragraph 14.

15.     Palm denies that it has caused Intermec irrecoverable injury and on that basis denies the allegations in paragraph 15.

3

## SECOND CLAIM FOR RELIEF

16. Palm lacks information upon which to form a belief as to the truth of the allegations in paragraph 16, and on that basis denies each and every allegation in paragraph 16.

17. Palm denies that it has been and is infringing, inducing the infringement of, and/or contributing to the infringement of the '645 patent, and on that basis denies the allegations in paragraph 17.

18. Palm denies that it has caused Intermec any injury or damages, and further denies that Intermec is entitled to recover from Palm any damages or compensation, and on that basis denies the allegations in paragraph 18.

19. Palm denies that it has been and is willfully and deliberately infringing the '645 patent, and further denies that Intermec is entitled to any damages from Palm, and on that basis denies the allegations in paragraph 19.

20. Palm denies that it has caused Intermec irrecoverable injury and on that basis denies the allegations in paragraph 20.

## THIRD CLAIM FOR RELIEF

21. Palm lacks information upon which to form a belief as to the truth of the allegations in paragraph 21, and on that basis denies each and every allegation in paragraph 21.

22. Palm denies that it has been and is infringing, inducing the infringement of, and/or contributing to the infringement of the '499 patent, and on that basis denies the allegations in paragraph 22.

23. Palm denies that it has caused Intermec any injury or damages, and further denies that Intermec is entitled to recover from Palm any damages or compensation, and on that basis denies the allegations in paragraph 23.

24. Palm denies that it has been and is willfully and deliberately infringing the '499 patent, and further denies that Intermec is entitled to any damages from Palm, and on that basis denies the allegations in paragraph 24.

25. Palm denies that it has caused Intermec irrecoverable injury and on that basis denies the allegations in paragraph 25.

## FOURTH CLAIM FOR RELIEF

26. Palm lacks information upon which to form a belief as to the truth of the allegations in paragraph 26, and on that basis denies each and every allegation in paragraph 26.

27. Palm denies that it has been and is infringing, inducing the infringement of, and/or contributing to the infringement of the '947 patent, and on that basis denies the allegations in paragraph 27.

28. Palm denies that it has caused Intermec any injury or damages, and further denies that Intermec is entitled to recover from Palm any damages or compensation, and on that basis denies the allegations in paragraph 28.

29. Palm denies that it has been and is willfully and deliberately infringing the '947 patent, and further denies that Intermec is entitled to any damages from Palm, and on that basis denies the allegations in paragraph 29.

30. Palm denies that it has caused Intermec irrecoverable injury and on that basis denies the allegations in paragraph 30.

## FIFTH CLAIM FOR RELIEF

31. Palm lacks information upon which to form a belief as to the truth of the allegations in paragraph 31, and on that basis denies each and every allegation in paragraph 31.

32. Palm denies that it has been and is infringing, inducing the infringement of, and/or contributing to the infringement of the '971 patent, and on that basis denies the allegations in paragraph 32.

33. Palm denies that it has caused Intermec any injury or damages, and further denies that Intermec is entitled to recover from Palm any damages or compensation, and on that basis denies the allegations in paragraph 33.

34. Palm denies that it has been and is willfully and deliberately infringing the '971 patent, and further denies that Intermec is entitled to any damages from Palm, and on that basis denies the allegations in paragraph 34.

35. Palm denies that it has caused Intermec irrecoverable injury and on that basis denies the allegations in paragraph 35.

## DEFENSES

### FIRST DEFENSE

36. Intermec's Complaint fails to state facts sufficient to state a cause of action and fails to state any claim upon which relief may be granted.

### SECOND DEFENSE

37. One or more claims of U.S. Patent Nos. 5,349,678, 5,568,645, 5,987,499, 5,468,947, and 5,892,971 allegedly infringed by Palm are invalid for failure to comply with one or more of the requirements of 35 U.S.C. §§ 101, 102, 103, and 112.

### THIRD DEFENSE

38. Defendant Palm's making, use or sale of its products, and the use of such products by Palm's customers, do not infringe any one or more of the claims of U.S. Patent Nos. 5,349,678, 5,568,645, 5,987,499, 5,468,947, and 5,892,971 being asserted against Palm. Palm has not actively induced infringement of any claims of the patents being asserted against Palm,

6

and Palm has not contributed to the infringement of any claims of the patents being asserted against Palm.

### FOURTH DEFENSE

39. Prosecution history estoppel bars Intermec from proving infringement of the asserted claims under the doctrine of equivalents. Intermec is estopped from construing the asserted claims of U.S. Patent Nos. 5,349,678, 5,568,645, 5,987,499, 5,468,947, and 5,892,971 in such a way as may cover Palm's activities by reason of statements made to the United States Patent and Trademark office during the prosecution of the applications that issued as the '678 patent, the '645 patent, the '499 patent, the '947 patent, and the '971 patent.

### FIFTH DEFENSE

40. Intermec's claims are barred by the equitable doctrines of laches, estoppel, waiver, implied license, and/or unclean hands.

### SIXTH DEFENSE

41. Defendant Palm reserves the right to amend its answer to assert further defenses based on future discovery in the lawsuit.

### COUNTERCLAIMS

42. For its Counterclaims, Defendant Palm states as follows:

### PARTIES

43. Counterclaim Defendant Intermec is, on information and belief, a corporation incorporated under the laws of the State of Delaware and has its principle place of business at 6001 36th Avenue West, Everett, WA 98803.

44. Counterclaimant Palm is a corporation organized and existing under the laws of Delaware, having a place of business at 950 West Maude Avenue, Sunnyvale, CA 94085.

## JURISDICTION AND VENUE

45. This is an action for declaratory judgment of non-infringement and invalidity of U.S. Patent No. 5,349,678 ("the '678 patent"), U.S. Patent No. 5,568,645, ("the '645 patent), U.S. Patent No. 5,987,499 ("the '499 patent), U.S. Patent No. 5,468,947 ("the '947 patent), and U.S. Patent No. 5,892,971 ("the '971 patent). This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

46. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c).

## GENERAL ALLEGATIONS

47. On May 18, 2007, Intermec filed suit against Palm, claiming infringement of the '678, '645, '499, '947 and '971 patents.

48. A justiciable controversy exists between Intermec and Palm concerning the infringement and validity of the '678, '645, '499, '947 and '971 patents.

## FIRST COUNTERCLAIM
### (NONINFRINGEMENT OF THE INTERMEC PATENTS-IN-SUIT)

49. Palm incorporates paragraphs 41-49 as if fully set forth herein.

50. Palm has not and is not now infringing, contributorily infringing, or inducing infringement of the claims of the '678 patent asserted by the plaintiff in this litigation ("the asserted '678 claims").

51. Palm is entitled to a declaratory judgment that Palm does not infringe the asserted '678 claims.

52. Palm has not and is not now infringing, contributorily infringing, or inducing infringement of the claims of the '645 patent asserted by the plaintiff in this litigation ("the asserted '645 claims").

53. Palm is entitled to a declaratory judgment that Palm does not infringe the asserted '645 claims.

54. Palm has not and is not now infringing, contributorily infringing, or inducing infringement of the claims of the '499 patent asserted by the plaintiff in this litigation ("the asserted '499 claims").

55. Palm is entitled to a declaratory judgment that Palm does not infringe the asserted '499 claims.

56. Palm has not and is not now infringing, contributorily infringing, or inducing infringement of the claims of the '947 patent asserted by the plaintiff in this litigation ("the asserted '947 claims").

57. Palm is entitled to a declaratory judgment that Palm does not infringe the asserted '947 claims.

58. Palm has not and is not now infringing, contributorily infringing, or inducing infringement of the claims of the '971 patent asserted by the plaintiff in this litigation ("the asserted '971 claims").

59. Palm is entitled to a declaratory judgment that Palm does not infringe the asserted '971 claims.

## SECOND COUNTERCLAIM
### (INVALIDITY OF THE INTERMEC PATENTS IN SUIT)

60. Palm incorporates paragraphs 41-59 as if fully set forth herein.

61. One or more claims of the '678 patent are invalid for failure to comply with the conditions and requirements of patentability set forth in the patent statutes, including 35 U.S.C. §§ 101, 102, 103 and/or 112.

62. Palm is entitled to declaratory judgment that one or more claims of the '678 patent are invalid.

63. One or more claims of the '645 patent are invalid for failure to comply with the conditions and requirements of patentability set forth in the patent statutes, including 35 U.S.C. §§ 101, 102, 103 and/or 112.

64. Palm is entitled to declaratory judgment that one or more claims of the '645 patent are invalid.

65. One or more claims of the '499 patent are invalid for failure to comply with the conditions and requirements of patentability set forth in the patent statutes, including 35 U.S.C. §§ 101, 102, 103 and/or 112.

66. Palm is entitled to declaratory judgment that one or more claims of the '499 patent are invalid.

67. One or more claims of the '947 patent are invalid for failure to comply with the conditions and requirements of patentability set forth in the patent statutes, including 35 U.S.C. §§ 101, 102, 103 and/or 112.

68. Palm is entitled to declaratory judgment that one or more claims of the '947 patent are invalid.

69. One or more claims of the '971 patent are invalid for failure to comply with the conditions and requirements of patentability set forth in the patent statutes, including 35 U.S.C. §§ 101, 102, 103 and/or 112.

70. Palm is entitled to declaratory judgment that one or more claims of the '971 patent are invalid.

## **REQUEST FOR RELIEF**

WHEREFORE, Palm prays for judgment that:

A.   Intermec's Complaint be dismissed in its entirety with prejudice;

B.   Intermec is not entitled to the relief prayed for in its Complaint, or to any relief whatsoever;

C.   U.S. Patent No. 5,349,678 is invalid and void against Palm;

D.   U.S. Patent No. 5,349,678 has never been, and is not now, infringed by Palm or by any other person using Palm's products in this judicial district or anywhere in the United States;

E.   U.S. Patent No. 5,568,645 is invalid and void against Palm;

F.   U.S. Patent No. 5,568,645 has never been, and is not now, infringed by Palm or by any other person using Palm's products in this judicial district or anywhere in the United States;

G.   U.S. Patent No. 5,987,499 is invalid and void against Palm;

H.   U.S. Patent No. 5,987,499 has never been, and is not now, infringed by Palm or by any other person using Palm's products in this judicial district or anywhere in the United States;

I.   U.S. Patent No. 5,468,947 is invalid and void against Palm;

J.   U.S. Patent No. 5,468,947 has never been, and is not now, infringed by Palm or by any other person using Palm's products in this judicial district or anywhere in the United States;

K.   U.S. Patent No. 5,892,971 is invalid and void against Palm;

L.  U.S. Patent No. 5,892,971 has never been, and is not now, infringed by Palm or by any other person using Palm's products in this judicial district or anywhere in the United States;

M.  No damages or royalties are due or owing by Palm for any of the acts alleged by Intermec in its Complaint; and

N.  Palm be awarded its costs (including expert fees), disbursements, and reasonable attorneys' fees pursuant to 35 U.S.C. § 285 and such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

In accordance with Fed. R. Civ. P. 38(b), Palm demands a trial by jury on all issues so triable.

| OF COUNSEL: | POTTER ANDERSON & CORROON LLP |
|---|---|
| Robert T. Haslam<br>Nitin Subhedar<br>Jaideep Venkatesan<br>HELLER EHRMAN LLP<br>275 Middlefield Road<br>Menlo Park, California  94025<br>Tel:  (650) 324-7000<br><br>Robert D. Fram<br>Michael M. Markman<br>Robert J. Williams<br>HELLER EHRMAN LLP<br>333 Bush Street<br>San Francisco, CA  94104-2878<br>Tel:  (415) 772-6000 | By:  /s/ Richard L. Horwitz<br>Richard L. Horwitz (#2246)<br>David E. Moore (#3983)<br>Hercules Plaza, 6th Floor<br>1313 North Market Street<br>Wilmington, DE 19801<br>Tel:  (302) 984-6000<br>rhorwitz@potteranderson.com<br>dmoore@potteranderson.com<br><br>*Attorneys for Defendant Palm, Inc.* |

Dated:  July 2, 2007
805104 / 31950

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I, Richard L. Horwitz, hereby certify that on July 2, 2007, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I further certify that on July 2, 2007, I have Electronically Mailed the documents to the following person(s):

Jack B. Blumenfeld
Rodger D. Smith, II
Morris, Nichols, Arsht & Tunnell LLP
1201 N. Market Street
Wilmington, DE 19899
JBlumenfeld@MNAT.com
rdsefiling@mnat.com

Carson P. Veach
Leland W. Hutchinson, Jr.
Jacob D. Koering
Freeborn & Peters LLP
311 South Wacker Drive, Suite 3000
Chicago, IL 60606
cveach@freebornpeters.com
lhutchinson@freebornpeters.com
jkoering@freebornpeters.com

By: /s/ Richard L. Horwitz
Richard L. Horwitz
David E. Moore
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, Delaware 19899-0951
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

805081/31950