IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INTERMEC TECHNOLOGIES CORP., a Delaware corporation, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) C.A. No. 07-272 (SLR) ) ) |
| PALM, INC., a Delaware corporation, | ) ) ) ) |
| Defendant. | |

**INTERMEC'S OPENING BRIEF IN SUPPORT OF ITS MOTION TO STRIKE
PALM'S INEQUITABLE CONDUCT DEFENSES**

                                                     MORRIS, NICHOLS, ARSHT & TUNNELL LLP
                                                     Jack B. Blumenfeld (#1014)
                                                     Rodger D. Smith II (#3778)
                                                       1201 N. Market Street
                                                       P.O. Box 1347
                                                       Wilmington, DE  19899
                                                       (302) 658-9200
                                                          *Attorneys for Plaintiff*
                                                          *Intermec Technologies Corp.*

OF COUNSEL:

Carson P. Veach
Leland W. Hutchinson, Jr.
Jacob D. Koering
FREEBORN & PETERS LLP
311 South Wacker Drive
Suite 3000
Chicago, IL  60606
(312) 360-6000

September 11, 2007

## **TABLE OF CONTENTS**

|  | Page |
|---|---|
| TABLE OF AUTHORITIES | i |
| INTRODUCTION | 1 |
| ARGUMENT | 1 |
|    I.  PALM'S INEQUITABLE CONDUCT DEFENSES MUST BE STRICKEN AS INSUFFICIENT. | 1 |
| CONCLUSION | 5 |

# TABLE OF AUTHORITIES

**CASES**

*Bell Atlantic Corp. v. Twombley*,
    550 U.S. ___, 127 S. Ct. 1955 (May 21, 2007) ................................................. 3

*Burlington Indus. v. Dayco Corp.*,
    849 F.2d 1418 (Fed. Cir. 1988) ............................................................................ 4

*Catalina Lighting, Inc. v. Lamps Plus, Inc.*,
    295 F.3d 1277 (Fed. Cir. 2002) ............................................................................ 4

*Chiron Corp. v. Abbott Labs.*,
    156 F.R.D. 219 (N.D. Cal. 1994) ......................................................................... 4

*EMC Corp. v. Storage Tech. Corp.*,
    921 F. Supp. 1261 (D. Del. 1996) ........................................................................ 4

*Kingsdown Med. Consultants, Ltd. v. Hollister, Inc.*,
    863 F.2d 867 (Fed. Cir. 1988) ........................................................................ 2, 4

*Upjohn Co. v. Mova Pharm. Corp.*,
    225 F.3d 1306 (Fed. Cir. 2000) ............................................................................ 4

**RULES**

Fed. R. Civ. P. 9(b) ........................................................................................................ 4

## INTRODUCTION

Palm's Fifth and Sixth Affirmative Defenses are insufficient to establish the inequitable conduct claim that these defenses purport to assert. Inequitable conduct requires proof of a patentee's actual knowledge of allegedly material prior art, and actual evidence that such prior art was deliberately withheld with an intent to mislead the patent office. Palm alleges this defense with no factual allegation of actual knowledge by any relevant party, and no facts that might support a claim of intent to deceive. Because Palm's allegations are insufficient on their face, these two inequitable conduct defenses must be stricken.

## ARGUMENT

### I. PALM'S INEQUITABLE CONDUCT DEFENSES MUST BE STRICKEN AS INSUFFICIENT.

The defense of inequitable conduct requires an assertion of *all* of the following elements: (1) a knowing misrepresentation to the patent office, (2) of information material to patentability, with (3) a deliberate intent to deceive the patent office. *Kingsdown Med. Consultants, Ltd. v. Hollister, Inc.*, 863 F.2d 867 (Fed. Cir. 1988) (*en banc* in relevant part). Palm's affirmative defenses of inequitable conduct and infectious unenforceability fail to include any allegations of fact showing a knowing misrepresentation by anyone associated with U.S. Patent No. 5,349,678 ("the '678 Patent"), and fail to include any allegations showing any deliberate intent to deceive. D.I. 17, Fifth and Sixth Affirmative Defenses, ¶¶ 40-67. As such, they must be stricken.

Palm's allegations, taken as true for purposes of argument, identify only a single person actually associated with all three applications, the inventor Michael D. Morris. In total, Palm names 20 individuals, which it calls the "the '678 Patentees," that Palm claims were "associated" with both the prosecution of the '678 Patent, and with the prosecution of U.S.

Patent Nos. 4,972,463 ("the '463 Patent") and 5,239,662 ("the '662 Patent"), as well. D.I. 17, Affirmative Defenses, ¶ 41. These 20 individuals, aside from Mr. Morris, comprise 19 attorneys who – along with other unnamed individuals – were given a bulk associate power of attorney for all of the patent applications. Palm, however, includes no specific allegations regarding which of these 19 attorneys, if any, actually prosecuted each of the applications. Palm's inequitable conduct defenses are clearly insufficient without at least positively identifying those persons who actually prosecuted the relevant patent applications.

Even assuming that Palm solves that initial problem, it also fails to plead any facts which, taken as true, show that any of the '678 Patentees had the knowledge necessary to make a knowing misrepresentation to the Patent Office regarding the '463 and '662 Patents. Palm pleads only that: (1) a notice of allowability was issued on September 23, 1993, which addressed the "two data format feature"; (2) the '463 and '662 Patents show such a feature; and (3) the '463 and '662 Patents were not disclosed to the patent office.[1] *See* D.I. 17, Affirmative Defenses, ¶¶ 40-63.

First, Palm pleads only conclusory allegations that "the '678 Patentees were aware" of various pieces of information, but provides no factual allegations showing who had that awareness, nor how they supposedly obtained that information. Such conclusory allegations are insufficient to constitute "facts" for pleading purposes. *See Bell Atlantic Corp. v. Twombley*, 550 U.S. ___, 127 S. Ct. 1955, 1964-65 (May 21, 2007) ("A plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do [citation omitted]. Factual

---

[1] Palm contends that Intermec was *required* to file at least one IDS with the PTO. D.I. 17, Affirmative Defenses, ¶ 43. That statement is legally incorrect. There is no such requirement under the rules of the Patent Office or laws of the United States.

allegations must be enough to raise a right to relief above the speculative level."). Second, Palm does not plead *any* facts showing that the '678 Patentees (or anyone else having knowledge of the '463 and '662 Patents) understood any supposed relationship between the statements in the notice of allowance and the '463 and '662 Patents. Therefore, Palm has failed to plead any facts showing a knowing failure by anyone to disclose the '463 and '662 Patents to the Patent Office.

Because Palm has failed to plead the requisite knowledge by any specific person, it has, by definition, failed to plead facts showing a deliberate intent to deceive the Patent Office. Palm pleads only that the '463 and '662 Patents should have been disclosed to the Patent Office, but were not, and that intent to mislead can be "inferred" from this non-disclosure. D.I. 17, Affirmative Defenses, ¶¶ 54, 63. Well-established law, however, deems such allegations insufficient. "[I]ntent to deceive can not be inferred solely from the fact that information was not disclosed; there must be a factual basis for a finding of deceptive intent." *Upjohn Co. v. Mova Pharm. Corp.*, 225 F.3d 1306, 1312 (Fed. Cir. 2000). Even where knowledge can be shown – which Palm has failed to plead here – and even where the references are highly material, there must be some facts showing intent to deceive the Patent Office. *Catalina Lighting, Inc. v. Lamps Plus, Inc.*, 295 F.3d 1277, 1288-89 (Fed. Cir. 2002) (rejecting the identical argument).

In order to satisfy the particularity requirement of Fed. R. Civ. P. 9(b), Palm must not only identify the relevant prior art, but must "disclose the acts of the alleged fraud." *EMC Corp. v. Storage Tech. Corp.*, 921 F. Supp. 1261, 1263 (D. Del. 1996); *see also Chiron Corp. v. Abbott Labs.*, 156 F.R.D. 219, 223 (N.D. Cal. 1994) ("Because Abbott's amended answer does not adequately explain how Dr. Steimer's declaration allegedly misled the patent examiner, Abbott has failed to plead fraud with the requisite particularity."). Because Palm has plead no

- 3 -

facts showing any intent to deceive, it has failed adequately to disclose the alleged fraud, and its inequitable conduct defenses must be stricken.

Assertions of inequitable conduct as a defense to patent validity has been rightly described as a "scourge" on U.S. patent litigation.  *See* Michael D. Kaminski, Effective Management of US Patent Litigation, 18 Intell. Prop. & Tech. L.J. 13, 24 (2006) (citing *Kingsdown*).  As the Federal Circuit has lamented, "the habit of charging inequitable conduct in almost every major patent case has become an absolute plague."  *Burlington Indus. v. Dayco Corp.*, 849 F.2d 1418, 1422 (Fed. Cir. 1988).  Fixated on the drastic possibility of invalidating an entire patent based on inference of inequitable conduct, patent defendants scour asserted patents' prosecution histories looking for any potential error or omission.  Then, they boldly assert that the error or omission was deliberate and fraudulent based on inference, and the "materiality" of the error.  That is all that Palm has done in this case.

But, the law requires more, and requires factual assertions showing both a knowing misrepresentation and intent to mislead the patent office.  Palm's failure to plead facts showing a knowing misrepresentation and intent to deceive requires striking of both the Fifth and Sixth Defenses.

- 5 -

## **CONCLUSION**

      For the foregoing reasons, Palm's Fifth and Sixth Affirmative Defenses should be stricken.

      MORRIS, NICHOLS, ARSHT & TUNNELL LLP


      */s/ Rodger D. Smith II (#3778)*
      Jack B. Blumenfeld (#1014)
      Rodger D. Smith II (#3778)
      1201 N. Market Street
      P.O. Box 1347
      Wilmington, DE  19899
      (302) 658-9200
        *Attorneys for Plaintiff*
        *Intermec Technologies Corp.*

OF COUNSEL:

Carson P. Veach
Leland W. Hutchinson, Jr.
Jacob D. Koering
FREEBORN & PETERS LLP
311 South Wacker Drive
Suite 3000
Chicago, IL  60606
(312) 360-6000

September 11, 2007

1231132

# CERTIFICATE OF SERVICE

I hereby certify that on September 11, 2007, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to:

>Richard L. Horwitz, Esquire
>David E. Moore, Esquire
>Potter Anderson & Corroon LLP

I further certify that I caused to be served copies of the foregoing document on September 11, 2007, upon the following in the manner indicated:

Richard L. Horwitz *VIA ELECTRONIC MAIL*
David E. Moore *AND HAND DELIVERY*
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 North Market Street
Wilmington, DE  19801
rhorwitz@potteranderson.com
dmoore@potteranderson.com

Robert T. Haslam
Nitin Subhedar *VIA ELECTRONIC MAIL*
Jaideep Venkatesan *AND FIRST CLASS MAIL*
HELLER EHRMAN LLP
275 Middlefield Road
Menlo Park, CA  94025
robert.haslam@hellerehrman.com
nitin.subhedar@hellerehrman.com
jay.venkatesan@hellerehrman.com

Robert D. Fram *VIA ELECTRONIC MAIL*
Michael M. Markman *AND FIRST CLASS MAIL*
Robert J. Williams
HELLER EHRMAN LLP
333 Bush Street
San Francisco, CA  94104-2878
robert.fram@hellerehrman.com
michael.markman@hellerehrman.com
robert.williams@hellerehrman.com

>*/s/ Rodger D. Smith II (#3778)*
>Rodger D. Smith II (#3778)