IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INTERMEC TECHNOLOGIES CORP., a Delaware corporation, <br><br> Plaintiff, <br><br> v. <br><br> PALM, INC., a Delaware corporation, <br><br> Defendant. | ) ) ) ) ) ) C.A. No. 07-272 (SLR) ) ) ) ) ) ) |

## INTERMEC'S REPLY TO PALM'S COUNTERCLAIMS

Counterclaim defendant Intermec Technologies Corp. ("Intermec") hereby replies to counterclaim plaintiff Palm, Inc.'s ("Palm") Counterclaims as follows:

## NATURE AND BASIS OF ACTION

1. This is an action arising under the United States Patent Act, 35 U.S.C. § 1 *et seq*.

   **REPLY**:   Intermec admits the allegations of this paragraph.

## PARTIES

2. Counterclaim Defendant Intermec is, on information and belief, a corporation incorporated under the laws of the State of Delaware and has its principal place of business at 6001 36th Avenue West, Everett, WA 98803.

   **REPLY**:   Intermec admits the allegations of this paragraph.

3. Counterclaimant Palm is a corporation organized and existing under the laws of Delaware, having a place of business at 950 West Maude Avenue, Sunnyvale, CA 94085.

   **REPLY**:   Intermec is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and accordingly denies same.

## JURISDICTION AND VENUE

4. This is an action for declaratory judgment of non-infringement and invalidity of U.S. Patent No. 5,349,678 ("the '678 patent"), U.S. Patent No. 5,568,645 ("the '645 patent"), U.S. Patent No. 5,987,499 ("the '499 patent"), U.S. Patent No. 5,468,947 ("the '947 patent"), and U.S. Patent No. 5,892,971 ("the '971 patent). This is also an action for infringement of U.S. Patent No. 6,665,803 ("the '803 patent") (Ex. A hereto), and U.S. Patent No. 7,096,049 ("the '049 patent") (Ex. B hereto). This court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

**REPLY**: Intermec admits that this Court has subject matter jurisdiction over the claims identified in this paragraph.

5. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c).

**REPLY:** Intermec admits the allegations of this paragraph.

## GENERAL ALLEGATIONS

6. On May 18, 2007, Intermec filed suit against Palm, claiming infringement of the '678, '645, '499 and '971 patents.

**REPLY**: Intermec admits the allegations of this paragraph.

7. A justiciable controversy exists between Intermec and Palm concerning the infringement and validity of the '678, '645, '499, '947 and '971 patents.

**REPLY**: Intermec admits the allegations of this paragraph.

## FIRST COUNTERCLAIM
## (NONINFRINGEMENT OF THE INTERMEC PATENTS-IN-SUIT)

8. Palm incorporates paragraphs 1-7 as if fully set forth herein.

**REPLY**: Intermec incorporates its replies to paragraphs 1-7 as if fully set forth herein.

9. Palm has not and is not now infringing, contributorily infringing, or inducing infringement of the claims of the '678 patent asserted by the plaintiff in this litigation ("the asserted '678 claims").

**REPLY**: Intermec denies the allegations of this paragraph.

        10.    Palm is entitled to a declaratory judgment that Palm does not infringe the asserted '678 claims.

        **REPLY**:    Intermec denies the allegations of this paragraph.

        11.    Palm has not and is not now infringing, contributorily infringing, or inducing infringement of the claims of the '645 patent asserted by the plaintiff in this litigation ("the asserted '645 claims").

        **REPLY**:    Intermec denies the allegations of this paragraph.

        12.    Palm is entitled to a declaratory judgment that Palm does not infringe the asserted '645 claims.

        **REPLY**:    Intermec denies the allegations of this paragraph.

        13.    Palm has not and is not now infringing, contributorily infringing, or inducing infringement of the claims of the '499 patent asserted by the plaintiff in this litigation ("the asserted '499 claims").

        **REPLY**:    Intermec denies the allegations of this paragraph.

        14.    Palm is entitled to a declaratory judgment that Palm does not infringe the asserted '499 claims.

        **REPLY**:    Intermec denies the allegations of this paragraph.

        15.    Palm has not and is not now infringing, contributorily infringing, or inducing infringement of the claims of the '947 patent asserted by the plaintiff in this litigation ("the asserted '947 claims").

        **REPLY**:    Intermec denies the allegations of this paragraph.

        16.    Palm is entitled to a declaratory judgment that Palm does not infringe the asserted '947 claims.

        **REPLY**:    Intermec denies the allegations of this paragraph.

        17.    Palm has not and is not now infringing, contributorily infringing, or inducing infringement of the claims of the '971 patent asserted by the plaintiff in this litigation ("the asserted '971 claims").

        **REPLY:**    Intermec denies the allegations of this paragraph.

18.     Palm is entitled to a declaratory judgment that Palm does not infringe the asserted '971 claims.

**REPLY:**     Intermec denies the allegations of this paragraph.

## SECOND COUNTERCLAIM
### (INVALIDITY OF THE INTERMEC PATENTS IN SUIT)

19.     Palm incorporates paragraphs 1-18 as if fully set forth herein.

**REPLY**:     Intermec incorporates its replies to paragraphs 1-18 as if fully set forth herein.

20.     One or more claims of the '678 patent are invalid for failure to comply with one or more of the conditions and requirements of patentability set forth in the patent statutes, including 35 U.S.C. §§ 101, 102, 103 and/or 112.

**REPLY**:     Intermec denies the allegations of this paragraph.

21.     Palm is entitled to declaratory judgment that one or more claims of the '678 patent are invalid.

**REPLY**:     Intermec denies the allegations of this paragraph.

22.     One or more claims of the '645 patent are invalid for failure to comply with one or more of the conditions and requirements of patentability set forth in the patent statutes, including 35 U.S.C. §§ 101, 102, 103 and/or 112.

**REPLY**:     Intermec denies the allegations of this paragraph.

23.     Palm is entitled to declaratory judgment that one or more claims of the '645 patent are invalid.

**REPLY**:     Intermec denies the allegations of this paragraph.

24.     One or more claims of the '499 patent are invalid for failure to comply with one or more of the conditions and requirements of patentability set forth in the patent statutes, including 35 U.S.C. §§ 101, 102, 103 and/or 112.

**REPLY**:     Intermec denies the allegations of this paragraph.

25.     Palm is entitled to declaratory judgment that one or more claims of the '499 patent are invalid.

**REPLY**:     Intermec denies the allegations of this paragraph.

26. One or more claims of the '947 patent are invalid for failure to comply with one or more of the conditions and requirements of patentability set forth in the patent statutes, including 35 U.S.C. §§ 101, 102, 103 and/or 112.

**REPLY**: Intermec denies the allegations of this paragraph.

27. Palm is entitled to declaratory judgment that one or more claims of the '947 patent are invalid.

**REPLY**: Intermec denies the allegations of this paragraph.

28. One or more claims of the '971 patent are invalid for failure to comply with one or more of the conditions and requirements of patentability set forth in the patent statutes, including 35 U.S.C. §§ 101, 102, 103 and/or 112.

**REPLY**: Intermec denies the allegations of this paragraph.

29. Palm is entitled to declaratory judgment that one or more claims of the '971 patent are invalid.

**REPLY**: Intermec denies the allegations of this paragraph.

**THIRD COUNTERCLAIM
(INFRINGEMENT OF U.S. PATENT NO. 6,665,803)**

30. Palm incorporates paragraph 1-29 as if fully set forth herein.

**REPLY**: Intermec incorporates its replies to paragraphs 1-29 as if fully set forth herein.

31. On December 16, 2003, the United States Patent and Trademark Office duly and legally issued United States Patent No. 6,665,803 (the "'803 Patent") to Palm, Inc. for an invention entitled "System and method for detection of an accessory device connection status." A true and correct copy of the '803 patent is attached hereto as Exhibit A.

**REPLY**: Intermec admits that U.S. Patent No. 6,665,803 ("the '803 patent") is entitled "System and method for detection of an accessory device connection status," and was issued on December 16, 2003, and admits that Exhibit A is a purported copy of the '803 Patent. Intermec denies the remainder of this paragraph.

  32. Palm, Inc. is the sole holder of the entire right, title, and interest in the '803 Patent.

  **REPLY:** Intermec is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and accordingly denies same.

  33. On information and belief, Intermec has been and is infringing, literally and/or under the doctrine of equivalents, contributing to the infringement of, and/or actively inducing the infringement of one or more claims of the '803 patent by making, using, offering for sale, selling, causing to be sold, and/or importing one or more products, including, without limitation the CN3 Mobile Computer (the "Accused Products").

  **REPLY**: Intermec denies the allegations of this paragraph.

  34. By reason of Intermec's infringement of the '803 patent, Palm has suffered, is suffering, and will continue to suffer injury to its business and property rights, for which it is entitled to damages in an amount to be proven at trial.

  **REPLY**: Intermec denies the allegations of this paragraph.

  35. By reason of Intermec's infringement of the '803 patent, Palm has suffered, is suffering, and will continue to suffer irreparable harm unless such acts are enjoined by the Court.

  **REPLY**: Intermec denies the allegations of this paragraph.

**FOURTH COUNTERCLAIM**
**(INFRINGEMENT OF U.S. PATENT NO. 7,096,049)**

  36. Palm incorporates paragraph 1-35 as if fully set forth herein.

  **REPLY**: Intermec incorporates its replies to paragraphs 1-35 as if fully set forth herein.

  37. On August 22, 2006, the United States Patent and Trademark Office duly and legally issued United States Patent No. 7,096,049 (the "'049 Patent") to Palm, Inc. for an invention entitled "Wireless transaction enabled handheld computer system and method." A true and correct copy of the '049 patent is attached hereto as Exhibit B.

  **REPLY**: Intermec admits that U.S. Patent No. 7,096,049 ("the '049 patent") is entitled "Wireless transaction enabled handheld computer system and method," and was issued

on August 22, 2006, and admits that Exhibit B is a purported copy of the '049 Patent. Intermec denies the remainder of this paragraph.

38.     Palm, Inc. is the sole holder of the entire right, title, and interest in the '049 Patent.

**REPLY:**     Intermec is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and accordingly denies same.

39.     On information and belief, Intermec has been and is infringing, literally and/or under the doctrine of equivalents, contributing to the infringement of, and/or actively inducing the infringement of one or more claims of the '049 patent by making, using, offering for sale, selling, causing to be sold, and/or importing one or more products, including, without limitation the CN3 Mobile Computer (the "Accused Products").

**REPLY**:     Intermec denies the allegations of this paragraph.

40.     By reason of Intermec's infringement of the '049 patent, Palm has suffered, is suffering, and will continue to suffer injury to its business and property rights, for which it is entitled to damages in an amount to be proven at trial.

**REPLY**:     Intermec denies the allegations of this paragraph.

41.     By reason of Intermec's infringement of the '049 patent, Palm has suffered, is suffering, and will continue to suffer irreparable harm unless such acts are enjoined by the Court.

**REPLY**:     Intermec denies the allegations of this paragraph.

**AFFIRMATIVE DEFENSES**

1.     Palm's Counterclaims fail to state facts sufficient to state a cause of action and fail to state any claim upon which relief may be granted.

2.     One or more claims of Palm's patents in suit are invalid for failure to comply with one or more requirements of 35 U.S.C. §§ 101, 102, 103 and 112.

3.     Intermec has not infringed and is not infringing, directly or indirectly, any claim of Palm's patents in suit.

4.  Prosecution history estoppel bars Palm from proving infringement of the claims of Palm's patents in suit under the doctrine of equivalents. Palm is estopped from construing the asserted claims of its patents in suit in such a way as may cover Intermec's activities by reason of statements made to the United States Patent and Trademark Office during the prosecution of the applications that issued as Palm's patents in suit.

5.  Palm's claims are barred by the equitable doctrines of laches, estoppel, waiver, implied license and/or unclean hands.

## REQUEST FOR RELIEF

Intermec denies that Palm is entitled to the relief it requests.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Rodger D. Smith II (#3778)*
Jack B. Blumenfeld (#1014)
Rodger D. Smith II (#3778)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
   *Attorneys for Plaintiff*
   *Intermec Technologies Corp.*

OF COUNSEL:

Carson P. Veach
Leland W. Hutchinson, Jr.
Jacob D. Koering
FREEBORN & PETERS LLP
311 South Wacker Drive
Suite 3000
Chicago, IL  60606
(312) 360-6000

September 11, 2007

1231124

8

**CERTIFICATE OF SERVICE**

I hereby certify that on September 11, 2007, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to:

>Richard L. Horwitz, Esquire
>David E. Moore, Esquire
>Potter Anderson & Corroon LLP

I further certify that I caused to be served copies of the foregoing document on September 11, 2007, upon the following in the manner indicated:

| | |
|---|---|
| Richard L. Horwitz<br>David E. Moore<br>POTTER ANDERSON & CORROON LLP<br>Hercules Plaza, 6th Floor<br>1313 North Market Street<br>Wilmington, DE  19801<br>rhorwitz@potteranderson.com<br>dmoore@potteranderson.com | *VIA ELECTRONIC MAIL*<br>*AND HAND DELIVERY* |
| Robert T. Haslam<br>Nitin Subhedar<br>Jaideep Venkatesan<br>HELLER EHRMAN LLP<br>275 Middlefield Road<br>Menlo Park, CA  94025<br>robert.haslam@hellerehrman.com<br>nitin.subhedar@hellerehrman.com<br>jay.venkatesan@hellerehrman.com | *VIA ELECTRONIC MAIL*<br>*AND FIRST CLASS MAIL* |
| Robert D. Fram<br>Michael M. Markman<br>Robert J. Williams<br>HELLER EHRMAN LLP<br>333 Bush Street<br>San Francisco, CA  94104-2878<br>robert.fram@hellerehrman.com<br>michael.markman@hellerehrman.com<br>robert.williams@hellerehrman.com | *VIA ELECTRONIC MAIL*<br>*AND FIRST CLASS MAIL* |

>*/s/ Rodger D. Smith II (#3778)*
>Rodger D. Smith II (#3778)