IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

INTERMEC TECHNOLOGIES CORP.,  )
a Delaware corporation,                       )
                                                          )
                              Plaintiff,            )
          v.                                            )    C.A. No. 07-272 (SLR)
                                                          )
PALM, INC.,                                       )
a Delaware corporation,                       )
                                                          )
                              Defendant.         )

STIPULATED PROTECTIVE ORDER

WHEREAS, the parties in this action, plaintiff Intermec Technologies Corp. ("Intermec")

and defendant Palm, Inc. ("Palm") believe, and the Court has determined, that good cause exists

for entry of this Protective Order; and

WHEREAS, the parties have, through counsel, stipulated to entry of this Protective Order

("Order") pursuant to Fed. R. Civ. P. 26(c) to prevent unnecessary disclosure or dissemination of

confidential information of the parties, their affiliates or third-parties; and

WHEREAS, the parties recognize that confidential information is being produced only

for use in this civil action;

IT IS HEREBY ORDERED that the following provisions of this Order shall govern the

confidential information produced by a party or its affiliates to any other party or by a third-party

to any party in the course of this civil action:

1.      The term "Confidential Information" as used in this Order includes all

information and tangible things that the designating party reasonably believes constitute or

disclose confidential or proprietary information of one of the parties, their affiliates or a third-

party.   Confidential Information may be contained in discovery information or materials

produced or obtained in this action by or through any means and by or through any person or entity.  The Confidential Information contained therein and all copies, recordings, abstracts, excerpts, analyses or other writings that contain, reveal or otherwise disclose such Confidential Information shall also be deemed Confidential Information.

2.      The term "producing party" means the party or person designating documents or information as Confidential Information under this Order.

3.      The term "receiving party" means the party to whom the Confidential Information is disclosed.

4.      The parties will designate as "CONFIDENTIAL" all Confidential Information. The parties may designate as "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" all Confidential Information that satisfies the requirements of paragraph 1 and which comprises the most sensitive information of the parties and their affiliates (including, but not limited to, financial information, strategic plans, business plans, information about licensing negotiations and licensing agreements with third-parties, and non-public patent applications or filings) that, in the opinion of the disclosing party, could cause irreparable harm to its business if disclosed to anyone other than pursuant to the procedures outlined herein.

5.      If any person prints or otherwise creates paper copies or non-paper (*i.e.* diskettes, magnetic, or electronic media) versions of Confidential Information from a producing party that is designated as "Confidential" or "Highly Confidential," such person shall timely mark the Confidential Information with the appropriate "Confidential" or "Highly Confidential" label prior to distributing it.  In the event a duplicating process used to make copies of any Confidential Information does not reproduce the original "Confidential" or "Highly

Confidential" marking, all copies of the Confidential Information marked "Confidential" or "Highly Confidential" shall again be marked "Confidential" or "Highly Confidential."

6.    Confidential Information shall be disclosed, disseminated and used by the receiving party only for purposes of this civil action.  Except with the prior written consent of the producing party or upon prior order of this Court, Confidential Information shall not be disclosed except in accordance with the terms, conditions, and restrictions of this Order.

7.    This Order will not be disclosed, in any manner, to the jury in this Litigation, or used in any manner or form, direct or indirect, as evidence in any trial or hearing, or referred to in any trial or hearing on the merits of the case, except that it may be disclosed in the event of a hearing involving issues related to the enforcement of any provision of this Order.

8.    The parties may designate material as Confidential Information in the following manner:

(a)    A producing party may designate testimony or information disclosed at a deposition, including exhibits, that contain Confidential Information by notifying all parties in writing, within fifteen (15) days after the producing party's receipt of the final transcript of any such deposition, of the specific pages and lines of the transcript that contain Confidential Information.  Each party shall attach, or cause to be attached, to the face of the transcript and each copy thereof in its possession, custody or control, a written statement indicating that the transcript contains Confidential Information or Highly Confidential Information.  Accessibility to each transcript (and the information contained therein) of any deposition in its entirety shall be limited to outside counsel of record, the designated in-house counsel, and independent consultants or experts previously disclosed pursuant to paragraphs 10(b)( and 13(c) below only, from the taking of the depositions until twenty (20) days after actual receipt of the final transcript

by the producing party, or until receipt of the notice referred to in this paragraph, whichever occurs sooner.  At the expiration of the twenty (20) day period, unless written designations are provided before the expiration of said period, the entire transcript shall be deemed non-confidential.

(b)    Confidential Information contained in any affidavit, brief, memorandum or other paper filed with the Court in this action may be designated as Confidential Information by indicating on the face of such documents that one or more parties consider them to contain Confidential Information.

(c)    Documents produced in discovery that contain Confidential Information shall be designated by conspicuously affixing a legend in the form of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY."

9.    If necessary, Highly Confidential Information consisting of source code proprietary to the producing party ("proprietary source code") shall be produced under the terms of this Order on an original and two copies of hard drives.  No other copies shall be made.  Each hard drive shall be an external USB 2.0 model having at least 30 GB of space beyond the space needed for the source code files and a speed of at least 7200 rpm.  The proprietary source code shall be organized on each hard drive by software release version.  The producing party may designate each hard drive as "Highly Confidential" by placing the following legend on each hard drive:

HIGHLY CONFIDENTIAL PROPRIETARY SOURCE CODE
ATTORNEY'S EYE'S ONLY

Highly Confidential Information designated in this manner shall thereafter be subject to this Order, and use or disclosure of such information so designated shall be restricted as set forth herein.

10.     Material designated "CONFIDENTIAL," and any summary, description or report containing such information, may be disclosed only to the following persons:

(a)     the Court, persons employed by the Court, and stenographers transcribing testimony or argument at a hearing, trial or deposition in this action or any appeal therefrom;

(b)     independent consultants and experts who are not current employees of any party in this matter who have been retained by counsel to provide assistance in this action, with disclosure only to the extent necessary to perform such work, subject to the provisions of paragraph 13(c);

(c)     graphics or design services personnel retained by counsel for purposes of preparing demonstrative or other exhibits for depositions, trials or other court pleadings in this action;

(d)     non-technical jury or trial consulting services retained by counsel;

(e)     document imaging and database services personnel retained by counsel, and consultants retained by counsel to set up, maintain and/or operate computer systems, litigation databases or convert data for inclusion in such databases;

(f)     the following in-house counsel for Intermec:

Janis L. Harwell
Senior Vice President & General Counsel
Intermec, Inc.
6001 36th Avenue West
Everett, WA 98203
(425) 265-2403

Paul Maltseff
Legal Counsel, IP
Intermec, Inc.
6001 36th Avenue West
Everett, WA 98203
(425) 348-2600

Phyllis Turner-Brim
Legal Counsel, IP
Intermec, Inc.
6001 36th Avenue West
Everett, WA 98203
(425) 265-2480

(g)     the following in-house counsel for Palm:

Mary E. Doyle
Senior Vice President and General Counsel
Palm, Inc.
950 W. Maude Ave.
Sunnyvale, CA 94085

Robert Booth
Associate General Counsel
Palm, Inc.
950 W. Maude Ave.
Sunnyvale, CA 94085

Douglas Luftman
Associate General Counsel, Intellectual Property
Palm, Inc.
950 W. Maude Ave.
Sunnyvale, CA 94085

(h)     the parties' outside counsel of record in this action as specifically set forth

below and any other counsel for a party that appears in this action, and photocopy services

personnel retained by counsel, their paralegal assistants, law clerks, stenographic and clerical

employees who are assisting in the prosecution, defense and/or appeal of this action:

For Intermec:

FREEBORN & PETERS LLP
311 South Wacker Drive, Suite 3000
Chicago, Illinois 60606-6677

and

MORRIS, NICHOLS, ARSHT & TUNNELL, LLP
Chase Manhattan Centre, 18th Floor
1201 North Market Street
Wilmington, Delaware 19899-1347

For Palm:

HELLER EHRMAN LLP
275 Middlefield Road
Menlo Park, California 94025-3506

HELLER EHRMAN LLP
333 Bush Street
San Francisco, California 94104-2878

and

POTTER ANDERSON & CORROON LLP
Hercules Plaza
1313 North Market Street, 6th Floor
Wilmington, Delaware 19801

11.     Materials designated "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY," and any summary, description or report containing such information may be disclosed only to the persons identified in paragraphs 10(a)-(e) and (h) and the following in-house counsel for each party:

For Intermec:

Paul Maltseff
(See contact information in paragraph 10, above)

For Palm:

Robert Booth
(See contact information in paragraph 10, above)

12.     Proprietary source code designated "Highly Confidential" may only be disclosed in accordance with the provisions of paragraph 16.

7

13.     Information designated as Highly Confidential may not be disclosed to any person who, as of the effective date of this protective order, has job responsibilities wherein he or she prepares, revises, or prosecutes patents or patent applications directed to the following subject matter: wireless networking, data capture, and power management (the "Disputed Subject Matter").    Individuals who review Highly Confidential Information shall not engage or participate in the prosecution of patents relating to this subject matter for a period of at least one year following the conclusion of the resolution or trial of this case or of their last review of such information, whichever is later.

14.     Notwithstanding the foregoing, no person who reviews Highly Confidential Information from the Producing Party shall at any time thereafter engage or participate in the prosecution of any patents or patent applications concerning the Disputed Subject Matter that claim priority to any date prior to the date of this Order (including but not limited to continuation, continuation-in-part, or divisional patent applications).

15.     Proprietary source code designated "Highly Confidential" shall be subject to the following additional protective measures to be followed by the receiving party:

(a)     The original hard drive shall be kept in the possession of outside counsel of record in this action identified in Paragraph 10(h).  The backup sets of hard drives shall be kept either in the possession of such outside counsel or an expert qualified under Paragraph 10(b) and 13(c) of this Order.

(b)     All hard drives, when not in use, shall be maintained in a locked cabinet or the like.

(c)     Outside counsel of record in this action identified in Paragraph 10(h) and an expert qualified under Paragraph 10(b) of this Order may use the contents of the hard drive on

a computer that is not connected to any network, phone line, wireless network, or any other computer.

(d)     Except as otherwise provided in this paragraph, no back-up copies of the hard drives may be made at any time without the express written consent of the producing party.

(e)     Should one or more hard drives become damaged, the producing party shall exchange the damaged hard drive for an undamaged hard drive.

(f)     The hard drives may be used on a computer having a printer directly attached to the computer (not through any network or server).  However, unless otherwise authorized in writing by the producing party, no more than 25% of the total number of lines of proprietary source code of any software release version may be printed (unless the complete source code from that software release has previously been produced in printed form).  Any printed material shall be labeled as "Highly Confidential Proprietary Source Code – Subject to Protective Order."

(g)     Deposition testimony relating to the proprietary source code, and documents derived from the proprietary source code shall be treated as Highly Confidential material according to the terms of this Order.

(h)     If either party intends to offer any evidence at trial based on the proprietary source code, the Court shall take appropriate measures to preserve the confidentiality of the proprietary source code to the extent reasonably practicable.

16.     (a)     A party may exclude from a deposition any person who is not entitled to have access to Confidential Information or Highly Confidential Information when such information is the subject of examination.

(b)     No Confidential Information or Highly Confidential Information shall be revealed or disclosed, in whole or in part, directly or indirectly, to any individual described in subparagraphs 10(b)-(d) until that individual has been given a copy of this Order and has duly completed and signed an undertaking in the form attached hereto as Exhibit A.  The original of each undertaking shall be retained, until the conclusion of this action including all appeals, by counsel for each party who intends to or does disclose to such individual any Confidential Information or Highly Confidential Information.

(c)     Before individuals under paragraph 10(b) may have access to Confidential Information or Highly Confidential Information, the receiving party must submit to the producing party the signed undertaking as well as the consultant's or expert's curriculum vitae setting forth his or her name, address, qualifications and relevant work experience.  If the producing party does not within five (5) business days from receipt of the undertaking and curriculum vitae object in writing, setting forth the specific grounds for the objection, Confidential Information and Highly Confidential Information may then be disclosed to the consultant or expert.  If timely objection is made, the parties shall attempt in good faith to resolve the disclosure issue.  If the issue cannot be resolved, the producing party has fifteen (15) days from the date it states and objection to bring a motion to preclude the consultant or expert from viewing the producing party's Confidential Information and Highly Confidential Information.  If the producing party does not bring such a timely motion, Confidential Information and Highly Confidential Information may be disclosed to the consultant or expert after the conclusion of the fifteen (15) day period.

(d)     Pursuant to subparagraph 13(c), the disclosure of the identity of a consulting expert will not be a waiver of any privilege that applies to communications with the

consultant or the consultant's work product.  Furthermore, the parties agree that by stipulating to the entry of this Protective Order, the parties do not intend to modify in any way the discovery rules applicable to consulting experts.

17.     Designations of Confidential Information and Highly Confidential Information shall constitute a representation that such information has been reviewed by an attorney for the producing party and that there is a valid basis for such designation.  Except, however, that in production of electronically stored information produced through agreed-upon collection and word-search procedures the parties may use electronic search criteria instead of an attorney review.  Confidential Information and Highly Confidential Information shall be maintained by the receiving party under the overall supervision of outside counsel.  The attorneys of record for the parties shall exercise best efforts to ensure that the information and documents governed by this Protective Order are (i) used only for the purposes set forth herein, and (ii) disclosed only to authorized persons.  Moreover, any person in possession of Confidential Information or Highly Confidential Information shall exercise reasonably appropriate care with regard to the storage, custody or use of such Confidential Information or Highly Confidential Information to ensure that the confidential nature of the same is maintained.

18.     The following categories of information shall not be designated as Confidential Information or Highly Confidential Information:  (a) any information that at the time of its disclosure in this action is part of the public domain by reason of prior publication or otherwise; (b) any information that after its disclosure in this action has become part of the public domain by reason of prior publication or otherwise through no act, omission or fault of the receiving party; (c) any information that at the time of its disclosure in this action is rightfully in the possession of the receiving party, its trial counsel or any expert retained by or for the receiving

party under no obligations of confidence to any third party with respect to that information; or (d) any information that after its disclosure in this action is rightfully received by the receiving party, its trial counsel or any expert retained by or for the receiving party under no obligations of confidence or otherwise from any third party having the right to make such disclosure. During the pendency of this action, any disputes as to whether information is Confidential Information or Highly Confidential Information under the terms of this Order shall be resolved according to the procedure set forth in paragraph 16 hereof.

19.    If a party disagrees with the designation of any information as Confidential Information or Highly Confidential Information, such party shall first make its objection known to the producing party and request a change of designation. The parties shall first try to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved, the party challenging the designation may request appropriate relief from the Court no sooner than five (5) days following the service of a written notice of disagreement. The burden of proving that information has been properly designated as Confidential Information or Highly Confidential Information is on the party making such designation. Until there is a determination by the Court, the information in issue shall be treated as Confidential Information or Highly Confidential Information and subject to the terms of this Order. Any failure to object to any material being designated as Confidential Information or Highly Confidential Information shall not be construed as an admission by any non-designating party that the material constitutes or contains a trade secret or other confidential information.

20.    During the course of interviewing a potential witness or preparing for a deposition or testimony, unless otherwise entitled to access under this Protective Order, a fact witness or deponent may be shown Confidential Information or Highly Confidential Information from

another party's documents strictly limited to those documents that on their face reveal that they were authored, sent or received by the witness or deponent outside the context of this litigation. This shall not preclude a producing party from showing documents that it has produced to its own witnesses and deponents, regardless of whether the producing party has designated the document(s) that it produced as Confidential Information or Highly Confidential Information and regardless of whether such person was the author or a recipient of the document.

21.     At the deposition of a third party or current or former employee of a producing party, such third-party or current or former employee of a producing party may be shown documents designated as Confidential Information or Highly Confidential Information if the document was authored by, sent or received by that third-party or current or former employee, or provided that the producing party consents to such disclosure.

22.     Any person receiving Confidential Information or Highly Confidential Information shall not disclose such information to any person who is not entitled to receive such information under this Order.  If Confidential Information or Highly Confidential Information is disclosed to any person not entitled to receive disclosure of such information under this Order, the person responsible for the disclosure will inform counsel for the producing party and, without prejudice to other rights and remedies of any party, make a reasonable good faith effort to retrieve such material and to prevent further disclosure of it by the person who received such information.

23.     Written material constituting or revealing Confidential Information or Highly Confidential Information, when filed with the Court in this action for any reason, shall be filed in accordance with any established court procedure for filing documents under seal.  All documents and chamber copies containing Confidential information or Attorneys Eyes Only information

which are submitted to the Court shall be filed with the Court in sealed envelopes or other appropriate sealed containers pursuant to Fed. R. Civ. P. 26(c)(8) and L.R. 5.1.3. A photocopy of the certificate of service shall be attached to the back of the envelope or container. On the outside of the envelopes, the case number, title of this action, and title of the document shall be attached, along with a statement substantially in the following form:

CONFIDENTIAL –
FILED UNDER SEAL

24. The Clerk of the Court is directed to place and maintain under seal in accordance with this Order any such pleading or other document filed with or delivered to this Court pursuant to Paragraph 20 or any other provision hereof.

25. Nothing herein shall prevent disclosure beyond the terms of this Order if the party producing Confidential Information or Highly Confidential Information consents in writing to such disclosure, or if the Court, after notice to all affected parties, orders or permits such disclosure.

26. The inadvertent production in discovery of any privileged or otherwise protected or exempted information, as well as the inadvertent production in discovery of information without an appropriate designation of confidentiality, shall not be deemed a waiver or impairment of any claim of privilege or protection, including but not limited to the attorney-client privilege, the protection afforded to work-product materials or the subject matter thereof, or the confidential nature of any such information, provided that the producing party shall promptly provide notice to the receiving party in writing when inadvertent production is discovered. Upon receiving written notice from the producing party that privileged information or work-product material or otherwise protected or exempted information has been inadvertently produced, such information shall be returned to counsel for the producing party and the receiving

party shall not use such information for any purpose except application to the Court until further Order of the Court. In response to an application to the Court by the receiving party to compel production of inadvertently-produced document, the producing party may submit the documents or testimony at issue to the Court for *in camera* inspection.

27.     Both parties anticipate producing significant amounts of electronically stored information (ESI) in this matter and, due to the volume of ESI maintained by each, anticipate that such productions will be accomplished through agreed-upon collection and word-search procedures. In the event that the production of ESI results in the inadvertent production of any privileged or otherwise protected or exempted information or the inadvertent production of materials without an appropriate designation of confidentiality, such production shall not be deemed a waiver or impairment of any claim of privilege or protection, including but not limited to the attorney-client privilege, the protection afforded to work-product materials or the subject matter thereof, or the confidential nature of any such information, provided that the producing party, upon learning of the inadvertent production, shall promptly provide notice to the receiving party in writing when inadvertent production is discovered. Upon receiving written notice from the producing party that privileged information or work-product material has been inadvertently produced, such ESI shall be returned to the producing party and/or destroyed as follows:

(a)     The receiving party shall immediately and permanently delete any and all copies of the inadvertently produced ESI, along with associated data-load files, from any and all network storage devices, drives, databases, discs, and/or other electronic media in its possession, custody, or control;

(b)    The receiving party shall, as soon as practicable, confirm, in writing to the producing party, that the inadvertently produced ESI has been permanently deleted as described in the preceding paragraph (a);

(c)    The receiving party shall return all hard drives, CDs, DVDs, or other electronic media that the ESI was produced on to the producing party and, in return, if the receiving party requests, the producing party will provide new versions of said electronic media that exclude the inadvertently produced information;

(d)    The receiving party shall, as soon as practicable, destroy all hard copies of inadvertently-produced materials and confirm destruction in writing; and

(e)    The receiving party shall, as soon as practicable, destroy any other documentation in its possession, custody, or control whether in hard-copy or electronic form that refers to, reflects, or otherwise relates to any of the above-listed documents or ESI.  This destruction shall include destruction of any notes on the documents themselves, as well as all notes or other documentation reflecting the mental impressions of any of receiving party's counsel regarding the inadvertently-produced documents or ESI.  In response to an application to the Court by the receiving party to compel re-production of inadvertently-produced ESI, the producing party may submit the documents or testimony at issue to the Court for *in camera* inspection.

28.    This Order shall not be deemed a waiver of:

(a)    any party's right to object to any discovery requests on any ground;

(b)    any party's right to seek an order compelling discovery with respect to any discovery request;

(c)    any party's right in any proceeding or action herein to object to the admission of any evidence on any ground;

(d)     any party's right to use and disclose its own documents and its own Confidential Information designated "Confidential" and/or "Highly Confidential" in its sole and complete discretion; or

(e)     the status of any Confidential Information or Highly Confidential Information as a trade secret.

29.     Nothing herein shall prevent any party or non-party from seeking additional relief from the Court not specified in this Order, or from applying to the Court for further or additional Protective Orders.

30.     Third-parties who produce information in this Action may avail themselves of the provisions of this Protective Order, and discovery materials produced by third parties shall be treated by the parties in conformance with this Protective Order.

31.     By entering this Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case.  Any person or party subject to this Order that may be subject to a motion to disclose another party's information designated Confidential Information or Highly Confidential Information pursuant to this Order shall promptly notify that party of the motion so that it may have an opportunity to appear and be heard on whether that information should be disclosed.

32.     In the event that any of the parties (a) is subpoenaed in another action, (b) is served with a demand in another action to which it is a party, or (c) is served with any other legal process by a person not a party to this litigation, and is requested to produce or otherwise disclose discovery material that is designated as Confidential Information or Highly Confidential Information by another party, the party subpoenaed or served shall give prompt written notice to

the producing party. If the producing party objects to the production of the Confidential Information or Highly Confidential Information within five business days of receiving such notice, then the party subpoenaed or served shall serve written objections to the to production of the Confidential Information or Highly Confidential Information based on the existence of this order and the producing party may choose to assert its rights in the other proceedings. If the person seeking access to the Confidential Information or Highly Confidential Information takes action against the party covered by this Order to enforce such a subpoena, demand or other legal process, it shall respond by setting forth the existence of this Order. Nothing in this Order shall be construed as precluding production of Confidential Information or Highly Confidential Information covered by this Order in response to a lawful court order.

33.    (a)    Within sixty (60) days after filing of the final order in this action, all Confidential Information and Highly Confidential Information shall be destroyed by all receiving parties or shall be returned to the producing party. If any receiving party destroys any such Confidential Information or Highly Confidential Information, that party shall send a letter to the producing party confirming the same.

(b)    Notwithstanding the foregoing, outside counsel of record for each party may maintain in its files one copy of each document filed with the Court containing Confidential Information or Highly Confidential Information, and a copy of all depositions (and exhibits) and any notes or memoranda relating thereto. All such material shall remain subject to the terms of this Order.

(c)    Within sixty (60) days of the filing of this final order in this action, the produced original and back-up hard drives shall be reformatted and returned to the producing party along with a certification that the hard drives returned were those that were produced.

34.     This Order shall remain in full force and effect until modified, superseded, or terminated by agreement of the parties or by an Order of the Court.

AGREED TO BY:

Dated: _____

*/s/ Rodger D. Smith II*

_____
Jack B. Blumenfeld (#1014)
Rodger D. Smith II (#3778)
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 N. Market Street
P.O. Box 1347
Wilmington, Delaware 19899
   Attorneys for Plaintiff
   Intermec Technologies Corp.

Dated: _____

*/s/ Richard L. Horwitz*

_____
Richard L. Horwitz (#2246)
POTTER, ANDERSON & CORROON LLP
Hercules Plaza
1313 North Market Street, 6th Floor
Wilmington, Delaware 19801
   Attorneys for Defendant
   Palm Inc.

SO ORDERED this _____ day of _____, 2008

_____
United States District Judge

1642897

19

# Exhibit A

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| INTERMEC TECHNOLOGIES CORP., | ) | |
| a Delaware corporation, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 07-272-SLR |
| | ) | |
| PALM, INC., | ) | |
| a Delaware corporation, | ) | |
| | ) | |
| Defendant. | ) | |

**UNDERTAKING PURSUANT TO PROTECTIVE ORDER**

I have read the Protective Order concerning the confidentiality of information in the above-captioned litigation.  I understand that the Protective Order is a Court order designed to preserve the confidentiality of certain confidential information.  I also understand that the Protective Order restricts the use, disclosure and retention of such confidential information and also requires the safeguarding and return of documents and other materials containing confidential information.  I further understand that the Protective Order in this matter includes protection of certain documents on an "Attorneys' Eyes Only" basis.

I have fully reviewed and agree to comply with all provisions of the Protective Order with respect to any information designated confidential that is furnished to me, including the provisions regarding preserving confidentiality and those regarding protecting documents on an "Attorneys' Eyes Only" basis.  I further hereby submit myself to the jurisdiction of the Court for purposes of enforcement of the provisions of the Protective Order.

Dated: _____

_____
Signature

_____
Name

_____
Address