## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

INTERMEC TECHNOLOGIES CORP.,  )
a Delaware corporation,  )
  )
        Plaintiff/Counterclaim Defendant,  )
  )
        v.  )   Case No.: C.A. No. 07-272-SLR
  )
PALM, INC.,  )
a Delaware corporation,  )
  )
        Defendant/Counterclaim Plaintiff.  )

### NOTICE OF SUBPOENA DIRECTED TO FORTH, INC.

PLEASE TAKE NOTICE that, pursuant to Fed. R. Civ. P. Rule 45, Defendant and Counterclaimant Palm Inc. ("Palm") will serve a subpoena upon FORTH, Inc., in the form attached hereto, for the production on July 31, 2008 of the documents described in Schedule "A" of Document Requests attached to the subpoena.

DATED:  July 15, 2008      For Palm, Inc.

                 By:   _/s/ Michael M. Markman_

                      Robert D. Fram
                      Michael M. Markman
                      Robert J. Williams
                      HELLER EHRMAN LLP
                      333 Bush Street
                      San Francisco, CA  94104-2878
                      Telephone: (415) 772-6000
                      Facsimile: (415) 772-6268

                      Robert T. Haslam
                      HELLER EHRMAN LLP
                      275 Middlefield Road
                      Menlo Park, California  94025

Telephone: (650) 324-7000
Facsimile: (650) 324-0638


POTTER ANDERSON & CORROON LLP


By:  */s/ David E. Moore*
          Richard L. Horwitz (#2246)
          David E. Moore (#3983)
          Hercules Plaza, 6th Floor
          1313 North Market Street
          Wilmington, DE 19801
          Tel: (302) 984-6000
          rhorwitz@potteranderson.com
          dmoore@potteranderson.com

Dated: July 23, 2008             *Attorneys for Defendant/Counterclaim Plaintiff*
875656 / 31950                   *Palm, Inc.*

ᴬᴼAO88 (Rev. 12/07) Subpoena in a Civil Case

**Issued by the**

# UNITED STATES DISTRICT COURT

Central District of California

INTERMEC TECHNOLOGIES CORP., Plaintiff

V.

PALM, INC., Defendant

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 07-272-SLR

PENDING IN THE UNITED
STATES DISTRICT COURT
FOR THE DISTRICT OF
DELAWARE

TO:  FORTH, Inc.
     c/o Register Agent:  LEON H WAGNER
     1601 N SEPULVEDA BLVD #550
     MANHATTAN BEACH, CA 90266

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☑  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See attached "Schedule A" of Document Requests

| PLACE    Heller Ehrman, L.L.P., 333 South Hope Street, Los Angeles, CA 90071 | DATE AND TIME |
|---|---|
|  | 7/31/2008 2:00 pm |

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

    Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| _[signature]_                    ATTORNEY FOR DEFENDANT | 7/15/2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
 Robert J. Williams, Esq., Heller Ehrman LLP, 333 Bush Street, San Francisco, California 94104
 415-772-6000

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88  (Rev.  12/07) Subpoena in a Civil Case (Page 2)

---

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

**(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.**
(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
(2) Command to Produce Materials or Permit Inspection.
(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
(3) Quashing or Modifying a Subpoena.
(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information;
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial
(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) DUTIES IN RESPONDING TO A SUBPOENA.**
(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) Claiming Privilege or Protection.
(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) CONTEMPT.**
The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## SCHEDULE A

## DEFINITIONS

1.     "Forth" means Forth, Inc., and its parents, subsidiaries, divisions, branches, affiliates, predecessors or successors in business of either of these companies, and wholly owned or partially owned entities acting or purporting to act for or on behalf of the foregoing or who are subject to the direction or control of the foregoing, including without limitation any agents, employees, officers, directors, attorneys, investigators, and consultants of any of the foregoing.

2.     "FedEx" means FedEx Corporation, and its parents, subsidiaries, divisions, branches, affiliates, predecessors or successors in business of either of these companies, and wholly owned or partially owned entities acting or purporting to act for or on behalf of the foregoing or who are subject to the direction or control of the foregoing, including without limitation any agents, employees, officers, directors, attorneys, investigators, and consultants of any of the foregoing.

3.     "The Identified Products" means all portable data processing devices that were manufactured for, sold to or used by Forth or any customer of Forth, including but not limiting to FedEx, between January 1, 1980 to January 14, 1988, including but not limited to all versions of the devices known as the SuperTracker or HHP Microwand.

4.     The term "Software" includes any computer program, operating system, source code, firmware, and the hardware environment in which any of the foregoing runs.

5.     "The Forth Development System" means anything provided or used by Forth to develop Software for The Identified Products, including but not limiting to the Forth language, PolyForth, the ChipForth development system, and any other programming languages, software development systems, software development tools, software development environments, compilers, processors, and/or hardware.

## REQUESTS FOR PRODUCTION

1.    Representative samples of each of The Identified Products.

2.    Documents sufficient to identify the version, trade name, model number, and/or

3.    Other applicable designation for: a) each of The Identified Products; b) each operating system used in each of The Identified Products; and c) each component of the Forth Development System.

4.    All documents and things concerning the structure, function and/or operation of each of The Identified Products, and the Software used in each of the Identified Products, including but not limited to, user's manuals, specifications, technical overviews and source code.

5.    All documents and things concerning the Forth Development System, including but not limited to, user's manuals, specifications, technical overviews and source code.

6.    All communications between Forth and any customer of Forth, including but not limiting to FedEx, relating to the development of any Software used in the Identified Products, and all documents and things concerning such communications.

7.    All documents and things concerning the purchase or sale of any Identified Products by Forth or any customer of Forth, including but not limiting to FedEx, prior to January 14, 1988, including but not limited to invoices.

8.    All marketing documents, dated prior to January 14, 1988, concerning the Identified Products, including but not limited to product brochures, trade show exhibits, and/or other advertisements.

2

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on July 23, 2008, the attached document was

electronically filed with the Clerk of the Court using CM/ECF which will send notification to the

registered attorney(s) of record that the document has been filed and is available for viewing and

downloading.

I further certify that on July 23, 2008, the attached document was Electronically Mailed

to the following person(s):

Jack B. Blumenfeld
Rodger D. Smith, II
Morris, Nichols, Arsht & Tunnell LLP
1201 N. Market Street
Wilmington, DE 19899
JBlumenfeld@MNAT.com
rdsefiling@mnat.com

Carson P. Veach
Leland W. Hutchinson, Jr.
Jacob D. Koering
Freeborn & Peters LLP
311 South Wacker Drive, Suite 3000
Chicago, IL 60606
cveach@freebornpeters.com
lhutchinson@freebornpeters.com
jkoering@freebornpeters.com

By: */s/ David E. Moore*
    Richard L. Horwitz
    David E. Moore
    Hercules Plaza, 6th Floor
    1313 N. Market Street
    Wilmington, Delaware 19899-0951
    Tel: (302) 984-6000
    rhorwitz@potteranderson.com
    dmoore@potteranderson.com