IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INTERMEC TECHNOLOGIES CORP., a Delaware corporation, </br></br> Plaintiff/Counterclaim Defendant, </br></br> v. </br></br> PALM, INC., a Delaware corporation, </br></br> Defendant/Counterclaim Plaintiff. | C.A. No. 07-272-SLR/LPS </br></br> **JURY TRIAL DEMANDED** |

### PALM, INC.'S SECOND NOTICE OF DEPOSITION OF INTERMEC TECHNOLOGIES CORP.

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Defendant and Counterclaimant Palm, Inc. ("Palm"), by and through its attorneys, will take the deposition of Plaintiff and Counterdefendant Intermec Technologies Corp. ("Intermec") by oral examination at the offices of Heller Ehrman LLP, 701 Fifth Avenue, Suite 6100, Seattle, WA 98104. Intermec is directed to designate one or more officers, directors, managing agents, or other persons to testify on its behalf with respect to the matters set forth in Exhibit A.

The deposition will commence at 9:00 a.m. on August 11, 2008, or at a time and date to be mutually agreed upon among the parties. The deposition will be recorded stenographically and by video by an officer authorized to administer oaths.

| | |
|---|---|
| OF COUNSEL: | POTTER ANDERSON & CORROON LLP |
| Robert T. Haslam<br>Nitin Subhedar<br>Jaideep Venkatesan<br>HELLER EHRMAN LLP<br>275 Middlefield Road<br>Menlo Park, California 94025<br>Tel: (650) 324-7000 | By: /s/ David E. Moore<br>　　Richard L. Horwitz (#2246)<br>　　David E. Moore (#3983)<br>　　Hercules Plaza, 6th Floor<br>　　1313 North Market Street<br>　　Wilmington, DE 19801<br>　　Tel: (302) 984-6000<br>　　rhorwitz@potteranderson.com<br>　　dmoore@potteranderson.com |
| Robert D. Fram<br>Michael M. Markman<br>Robert J. Williams<br>HELLER EHRMAN LLP<br>333 Bush Street<br>San Francisco, CA 94104-2878<br>Tel: (415) 772-6000 | *Attorneys for Defendant/Counterclaim Plaintiff Palm, Inc.* |
| Dated: July 25, 2008<br>876088 / 31950 | |

# EXHIBIT A

## DEFINITIONS AND INSTRUCTIONS

1. "INTERMEC" means Plaintiff and Counterdefendant Intermec Technologies Corp., any corporate predecessor, any joint venture to which it is or was a party, and any past or present division, department, parent, subsidiary, affiliate, director, officer, principal, agent, employee, consultant, representative, or other person acting on its behalf or under its control for any purpose whatsoever.

2. "INTERMEC PATENS-IN-SUIT" means the patents asserted by INTERMEC in this action: U.S. Patent Nos. 5,349,678; 5,568,645; 5,987,499; 5,468,947; and 5,892,971.

3. "PALM" means Defendant and Counterclaimant Palm, Inc., its subsidiaries, divisions, predecessor companies, any joint venture to which it may be a party, and/or each of its employees, agents, officers, directors, representatives, consultants, accountants, and attorneys, INCLUDING any person who served in any such capacity at any time.

4. "PALM PATENTS" means the patents asserted by Palm in this action: U.S. Patents Nos. 6,665,803 and 7,096,049.

5. "INTERMEC PATENTED PRODUCTS" means all INTERMEC products, apparatuses, systems, services, or methods that incorporate or embody an alleged invention of the INTERMEC PATENTS-IN-SUIT.

6. "INTERMEC ACCUSED PRODUCTS" means the CN3 Mobile Computer that Palm has accused of infringing one or more claims of the Palm Patents; along with any other Intermec device specifically identified in the operative version of Palm's answer and counterclaim in this action.

7. "INTERMEC ALLEGED PRIOR ART PRODUCTS" means all INTERMEC products that INTERMEC contends anticipates or renders obvious one or more of the PALM PATENTS, including the 6212, 6220, 6620, and 6640 Series INTERMEC products.

8. The terms "INCLUDE" and "INCLUDING" shall always be construed to mean "without limitation," so as to acquire the broadest possible meaning.

9. The terms "RELATED TO," "RELATING TO," "RELATE TO" and "RELATED," or any variant thereof, INCLUDE, but are not limited to, the following meanings: referring to, supporting, located in, considered in connection with, bearing, bearing on, evidencing, indicating, reporting on, recording, alluding to, responding to, concerning, opposing, favoring, connected with, commenting on, in respect of, about, regarding, discussing, showing, describing, reflecting, analyzing, constituting and being.

10. The designation "PERSON" or "PARTY" or "ENTITY" refers to and INCLUDES any natural person, as well as any juristic person (e.g., corporation) or any business entity (e.g., partnership or joint venture) and his or her, its or their officers, agents and employees.

11. "DOCUMENT" or "DOCUMENTS," or any variant thereof, shall be defined to the broadest extent permitted by Rule 34 of the Federal Rules of Civil Procedure and INCLUDES, whenever applicable and without limitation, both "documents" and "electronically stored information," and further INCLUDES to the extent that same are within the possession, custody, or control of INTERMEC, the originals (absent any original, a copy) of any recordation of any intelligence or information, whether handwritten, typed, printed or otherwise magnetically, optically, visually or aurally stored or reproduced, INCLUDING but not limited to letters, correspondence, memoranda, telegrams, notes, reports, compilations, data, notebooks,

laboratory notebooks, work papers, graphs, charts, blueprints, books, pamphlets, brochures, circulars, manuals, instructions, ledgers, drawings (INCLUDING engineering, assembly and detail drawings), sketches, photographs, diaries, sales literature, advertising literature, agreements, minutes of meetings, punch cards, magnetic tape or wire, other machine producible records INCLUDING films, videotapes and sound reproductions, printout sheets, electronic records such as electronic mail, summaries of records of telephone conversations, personal conversations or interviews, and any and all other writings, typings, printings, drafts, copies and/or mechanical, magnetic, optic, or photographic reproductions of recordations thereof in the possession, custody or control of INTERMEC or known to INTERMEC whether or not prepared by INTERMEC.

12. The term "LICENSE," or any variant thereof, means any DOCUMENT, agreement, contract, or arrangement pursuant to which a covenant not to be sued for practicing, or a right to practice, one or more alleged inventions claimed in any of the INTERMEC PATENTS-IN-SUIT is provided or conveyed, de jure or de facto, wholly or partially, exclusively or non-exclusively, from the patent owner to any other PERSON. As used herein, "LICENSE" INCLUDES, without limitation, such conveyance of rights regardless of whether the agreement to convey such rights is styled as a "license agreement," "settlement agreement," covenant not to sue," "joint marketing agreement," or otherwise.

13. For purposes of these requests, the term "PRIOR ART," or any variant thereof, means all DOCUMENTS or things, that are or may be "material to patentability" as that term is used in 37 C.F.R. § 1.56, regardless of whether such DOCUMENTS or things were disclosed to the examiner during prosecution, and regardless of when the reference became known to INTERMEC, that fall into any one or more of the following categories:

(i) a printed publication in this or a foreign country, published or available before the filing date of the application for the asserted patent, or

(ii) DOCUMENTS RELATING TO the public use or sale of any alleged invention claimed in any of the asserted patent before the filing date of the application for the asserted patent, or

(iii) an application for patent, published under 35 U.S.C. § 122(b), by another filed in the United States before the filing date of the application for the asserted patent, or

(iv) a patent granted on an application for patent by another filed in the United States before the filing date of the application for the asserted patent, or

(v) any DOCUMENT, material, or item that qualifies as "prior art" under 35 U.S.C. § 102.

14. It is expressly noted and understood that the definition set forth in the preceding paragraph may be inconsistent with definitions of "Prior Art" adopted in relevant statutes and/or case law, and the production of DOCUMENTS responsive hereto shall not be deemed an admission that such DOCUMENTS comply with any such definitions adopted in the relevant statutes and/or case law.

15. The term "RELATED APPLICATION" means any application listed within the "related U.S. Application Data" section of any of the INTERMEC PATENTS-IN-SUIT, any application claiming priority from any of the INTERMEC PATENTS-IN-SUIT, any application claiming priority from an application from which any of the INTERMEC PATENTS-IN-SUIT claims priority, any application disclosing substantially the same subject matter as any of the

INTERMEC PATENTS-IN-SUIT, and any foreign counterpart applications of any of the foregoing.

16. The term "DATE," or any variant thereof, means the exact day, month and year, if ascertainable, or if not, the best approximation thereof.

17. The term "PRODUCT," or any variation thereof, means PRODUCT, apparatus, system, service, or method.

18. The term "COMMUNICATION," or any variant thereof, INCLUDES any contact between two or more PERSONS by which any information or knowledge is transmitted or conveyed, or attempted to be transmitted or conveyed, between two or more PERSONS and shall INCLUDE, without limitation, written contact by means such as letters, memoranda, telegrams, telecopies, telexes, e-mails, or any other DOCUMENT, and oral contact, such as face-to-face MEETINGS or telephone conversations.

19. The term "MEETING," or any variant thereof, means any coincidence or presence of two or more PERSONS, whether or not such coincidence or presence was by chance, prearranged, formal or informal, or in connection with some activity.

20. In order to bring within the scope of this Notice of Deposition, any and all conceivably relevant matters or information which might otherwise be construed to be outside the scope:

    (a) The singular of each word shall be construed to include its plural and vice-versa;

    (b) "and" as well as "or" shall be construed both conjunctively as well as disjunctively;

(c) "each" shall be construed to include "every" and vice-versa;

(d) "any" shall be construed to include "all" and vice-versa;

(e) "INCLUDING" shall be construed to mean "INCLUDING, without limitation."

(f) The present tense shall be construed to include the past tense and vice-versa; and

(g) The masculine shall be construed to include the feminine and vice-versa.

21. The term "identify," or any variant thereof, means:

(a) with respect to an individual, that INTERMEC is to provide his or her name, current or last known address (business and home), e-mail address, and current or last known telephone number (business and home); and

(b) with respect to a DOCUMENT, that INTERMEC is to provide the DATE, addressee and/or recipient, sender and/or author thereof, and the type of writing (e.g., letter, inter-office memo, etc.).

## DEPOSITION CATEGORIES

1. For each PALM PATENT, the DATE on which INTERMEC first learned of and/or had notice of that PALM PATENT.

2. Any investigation undertaken by INTERMEC or its agents or opinion, written or oral, concerning the infringement or noninfringement, validity or invalidity, and/or enforceability or unenforceability of any PALM PATENT.

3. The design and operation of the INTERMEC ACCUSED PRODUCTS, the INTERMEC ALLEGED PRIOR ART PRODUCTS, and PRODUCTS designed, made, used or sold by INTERMEC, by any prior owner of the INTERMEC PATENTS-IN-SUIT, or by any named inventor of the INTERMEC PATENTS-IN-SUIT that INTERMEC contends embodied (in whole or in part) any claim of the INTERMEC PATENTS-IN-SUIT, INCLUDING the schematics, specifications, and PRODUCT literature for each PRODUCT, the research, development, manufacturing and testing of each PRODUCT, alternative design concepts or designs considered at any time in connection with the research, development, design, and testing of each PRODUCT, and the DATES on which each such PRODUCT was designed, made, used, sold, offered for sale, or demonstrated in public..

4. The advertising, marketing, and promotion of each INTERMEC ACCUSED PRODUCT, INCLUDING marketing, business and strategic plans related to the INTERMEC ACCUSED PRODUCTS.

5. The customers for each of the INTERMEC ACCUSED PRODUCTS.

6. The projected, forecasted, budgeted, and actual sales price, gross revenue, cost of sales, gross income, net income, costs of production, and incremental and net profit margin for the INTERMEC ACCUSED PRODUCTS, sold or licensed directly or indirectly by INTERMEC in the United States or abroad.

7. The market and demand for the INTERMEC ACCUSED PRODUCTS, INCLUDING all studies and reports relating to the market and demand for the INTERMEC ACCUSED PRODUCTS, the market's actual and projected growth rate, the potential customer base, the identification of competitive PRODUCTS, and any competitive market analysis.

8. The costs, either variable or fixed, related to the INTERMEC ACCUSED PRODUCTS.

9. INTERMEC'S research and development expenditures and capital investment in connection with the INTERMEC ACCUSED PRODUCTS.

10. License agreements that relate to the INTERMEC ACCUSED PRODUCTS.

11. Patent applications and patents issued that cover any aspect of the INTERMEC ACCUSED PRODUCTS.

12. The factual basis for INTERMEC'S contentions that the making, use, or sale of the INTERMEC ACCUSED PRODUCTS, and the use of the INTERMEC ACCUSED PRODUCTS by INTERMEC'S customers, do not infringe any one or more of the PALM PATENTS either literally or under the doctrine of equivalents, and that INTERMEC has not actively induced or contributed to the infringement of any one or more of the PALM PATENTS, either literally or under the doctrine of equivalents, INCLUDING, but not limited to the aspects, characteristics, or operations of the INTERMEC ACCUSED PRODUCTS that INTERMEC believes supports these contentions.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on July 25, 2008, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I further certify that on July 25, 2008, the attached document was Electronically Mailed to the following person(s):

| | |
|---|---|
| Jack B. Blumenfeld<br>Rodger D. Smith, II<br>Morris, Nichols, Arsht & Tunnell LLP<br>1201 N. Market Street<br>Wilmington, DE 19899<br>JBlumenfeld@MNAT.com<br>rdsefiling@mnat.com | Carson P. Veach<br>Leland W. Hutchinson, Jr.<br>Jacob D. Koering<br>Freeborn & Peters LLP<br>311 South Wacker Drive, Suite 3000<br>Chicago, IL 60606<br>cveach@freebornpeters.com<br>lhutchinson@freebornpeters.com<br>jkoering@freebornpeters.com |

By: /s/ David E. Moore
　　Richard L. Horwitz
　　David E. Moore
　　Hercules Plaza, 6th Floor
　　1313 N. Market Street
　　Wilmington, Delaware 19899-0951
　　Tel: (302) 984-6000
　　rhorwitz@potteranderson.com
　　dmoore@potteranderson.com

805081 / 31950