IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INTERMEC TECHNOLOGIES CORP., a Delaware corporation, )<br>)<br>Plaintiff/Counterclaim Defendant, )<br>)<br>v. )<br>)<br>PALM, INC., )<br>a Delaware corporation, )<br>)<br>Defendant/Counterclaim Plaintiff. ) | C.A. No. 07-272-SLR/LPS<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT'S NOTICE OF SUBPOENA AD TESTIFICANDUM AND
DUCES TECUM OF ROBERT POLIT**

**PLEASE TAKE NOTICE** that, pursuant to Rule 45 of the Federal Rules of Civil Procedure, a subpoena *ad testificandum* and *duces tecum* will be served on Robert Polit. A true and correct copy of the subpoena is attached hereto.

| | |
|---|---|
| OF COUNSEL: | POTTER ANDERSON & CORROON LLP |
| Robert T. Haslam<br>Nitin Subhedar<br>Jaideep Venkatesan<br>HELLER EHRMAN LLP<br>275 Middlefield Road<br>Menlo Park, California 94025<br>Tel: (650) 324-7000 | By: /s/ David E. Moore<br>   Richard L. Horwitz (#2246)<br>   David E. Moore (#3983)<br>   Hercules Plaza, 6th Floor<br>   1313 North Market Street<br>   Wilmington, DE 19801<br>   Tel: (302) 984-6000<br>   rhorwitz@potteranderson.com<br>   dmoore@potteranderson.com |
| Robert D. Fram<br>Michael M. Markman<br>Robert J. Williams<br>HELLER EHRMAN LLP<br>333 Bush Street<br>San Francisco, CA 94104-2878<br>Tel: (415) 772-6000 | *Attorneys for Defendant/Counterclaim Plaintiff Palm, Inc.* |

Dated: July 30, 2008
876345 / 31950

AO88 (Rev. 12/07) Subpoena in a Civil Case

# UNITED STATES DISTRICT COURT
Northern District of Illinois

INTERMEC TECHNOLOGIES, CORP.,
a Delaware corporation,

    Plaintiff/ Counterclaim Defendant,

v.

PALM, INC.,
a Delaware corporation,

    Defendant/ Counterclaim Plaintiff.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] C.A. No. 07-272-SLR/LPS
(pending in U.S. District Court for
the District of Delaware)

TO:
Robert Polit
Brinks Hofer Gilson & Lione
NBC Tower, Suite 3600
455 North Cityfront Plaza Drive
Chicago, IL 60611

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case. The deposition will be recorded by stenographic and videographic means.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Victoria Court Reporting Service<br>29 S. LaSalle Street, Suite 200<br>Chicago, IL 60603 | August 27, 2008<br>9:00 a.m. |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
See "Exhibit A - Document Production" attached hereto.

| PLACE | DATE AND TIME |
|---|---|
| Victoria Court Reporting Service<br>29 S. LaSalle Street, Suite 200<br>Chicago, IL 60603 | August 13, 2008<br>9:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]*<br>Attorney for Defendant/Counterclaim Plaintiff, Palm, Inc. | July 30, 2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Aseem Gupta, Heller Ehrman LLP, 333 Bush Street, San Francisco, CA 94107, 415-772-6000

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

---

[1] If action is pending in district other than district of issuance, state district under case number.

American LegalNet, Inc.
www.FormsWorkflow.com

AO88  (Rev. 12/07) Subpoena in a Civil Case (Page 2)

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
　　　　　　　　　　　DATE

　　　　　　　　　　　　　　　　　　　　SIGNATURE OF SERVER

　　　　　　　　　　　　　　　　　　　　ADDRESS OF SERVER

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

**(c) Protecting a Person Subject to a Subpoena.**
(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
(2) Command to Produce Materials or Permit Inspection.
(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
(3) Quashing or Modifying a Subpoena.
(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information;
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.
(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**
(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) Claiming Privilege or Protection.
(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.**
The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

American LegalNet, Inc.
www.FormsWorkflow.com

## EXHIBIT A

## DOCUMENT PRODUCTION

### I. DEFINITIONS

The following words and phrases are defined and used herein as follows:

1. The terms "YOU" and "YOUR" or any variant thereof, refer to and include the subpoenaed party and any and all companies, corporations, partnerships or other business entities which said subpoenaed party owns, in whole or in part, or to any degree, directly or indirectly, controls or exercises control of, in whole or in part, including any and all subsidiary, sister, predecessor or successor companies, corporations, partnerships, affiliates, or joint ventures with other natural persons, corporations, partnerships or other business entities, or any affiliates or divisions thereof, and the directors, officers, agents, employees, partners and attorneys of any of the aforesaid, including all persons acting or purporting to act on behalf of or who are subject to the direction and control of, any of the foregoing, to the extent that they are or have been involved in any way with the subject matter of the following requests.

2. As used herein, "CONCERNING" means analyzing, addressing, consisting of, constituting, regarding, referring to, relating to, refuting, discussing, describing, evidencing, memorializing, reflecting, commenting on, or otherwise having any logical or factual connection to the subject matter of the request.

3. The term "DOCUMENT" or "DOCUMENTS," or any variant thereof, shall be defined to the broadest extent permitted by Rule 34 of the Federal Rules of Civil Procedure and includes, whenever applicable and without limitation, both "documents" and "electronically stored information," and further includes to the extent that same are within YOUR possession, custody, or control, the originals (absent any original, a copy) of any recordation of any intelligence or information, whether handwritten, typed, printed or otherwise magnetically, optically, visually or aurally stored or reproduced, including but not limited to letters, correspondence, memoranda, telegrams, notes, reports, compilations, data, notebooks, laboratory notebooks, work papers, graphs, charts, blueprints, books, pamphlets, brochures, circulars, manuals, instructions, ledgers, drawings (including engineering, assembly and detail drawings), sketches, photographs, diaries, sales literature, advertising literature, agreements, minutes of meetings, punch cards, magnetic tape or wire, other machine producible records including films, videotapes and sound reproductions, printout sheets, electronic records such as electronic mail, summaries or records of telephone conversations, personal conversations or interviews, and any and all other writings, typings, printings, drafts, copies and/or mechanical, magnetic, optic, or photographic reproductions or recordations thereof in YOUR possession, custody or control or known to YOU whether or not prepared by YOU.

4. As used herein, "INCLUDE" means "include without limitation."

5. As used herein, "INCLUDING" means "including, but not limited to."

6. As used herein, "INDIVIDUAL(S)" means any natural person.

7.      The terms "INTERMEC" means Intermec Technologies Corp., its subsidiaries, divisions, predecessor companies, any joint venture to which it may be a party, and/or each of its employees, agents, officers, directors, representatives, consultants, accountants, and attorneys, alive or deceased, INCLUDING any person who served in any such capacity at any time

8.      The terms "RELATED TO," "RELATING TO," "RELATE TO" and "RELATED," or any variant thereof, include, but are not limited to, the following meanings: referring to, supporting, located in, considered in connection with, bearing, bearing on, evidencing, indicating, reporting on, recording, alluding to, responding to, concerning, opposing, favoring, connected with, commenting on, in respect of, about, regarding, discussing, showing, describing, reflecting, analyzing, constituting and being.

9.      For the purposes of these requests, the term "PRIOR ART," or any variant thereof, means all DOCUMENTS or things, that are or may be "material to patentability" as that term is used in 37 C.F.R. § 1.56, regardless of whether such DOCUMENTS or things were disclosed to the examiner during prosecution, and regardless of when the reference became known to YOU, that fall into any one or more of the following categories:

> (i)    a printed publication in this or a foreign country, published or available before the filing date of the application for the asserted patent, or
>
> (ii)   DOCUMENTS RELATING TO the public use or sale of any alleged invention claimed in any of the asserted patent before filing date of the application for the asserted patent, or
>
> (iii)  an application for patent, published under 35 U.S.C. section 122(b), by another filed in the United States before the filing date of the application for the asserted patent, or
>
> (iv)  a patent granted on an application for patent by another filed in the United States before the filing date of the application for the asserted patent, or
>
> (v)   any document, material, or item that qualifies as "prior art" under 35 U.S.C. § 102.

It is expressly noted and understood that this definition may be inconsistent with definitions of "PRIOR ART" adopted in relevant statutes and/or case law, and the production of documents responsive hereto shall not be deemed an admission that such documents comply with any such definitions adopted in the relevant statutes and/or case law.

10.    The term "COMMUNICATION," or any variant thereof, includes any contact between two or more persons by which any information or knowledge is transmitted or conveyed, or attempted to be transmitted or conveyed, between two or more persons and shall include, without limitation, written contact by means such as letters, memoranda, telegrams, telecopies, telexes, e-mails, or any other document, and oral contact, such as face-to-face meetings or telephone conversations.

11. Any reference to an individual person, either singularly or as part of a defined group, includes that person's past and present agents, legal representatives, non-legal representatives, personal representatives, attorneys, employees, heirs, successors, and assigns, and also includes individuals and entities who act, have acted, purport to act, or have purported to act on behalf of such individual person.

12. Any reference to a non-natural person includes that person's past and present directors, officers, agents, predecessors, successors, assigns, legal representatives, non-legal representatives, personal representatives, attorneys, general partners, limited partners, employees, subsidiaries and parent companies, sister companies, affiliated entities, and also includes individuals and entities who act, have acted, purport to act, or have purported to act on behalf of such non-natural person.

13. The designation "PERSON" or "PARTY" or "ENTITY" refers to and includes any natural person, as well as any juristic person (e.g., corporation) or any business entity (e.g., partnership or joint venture) and his or her, its or their officers, agents and employees.

14. The term "INTERMEC PATENTS" means U.S. Patent Nos. 5,349,678; 5,568,645; 5,987,499; 5,468,947; 5,892,971; 4,972,463; 5,218,188; 5,239,662; and 5,322,991.

15. "RELATED PATENTS" refers to all U.S. and foreign patents related to U.S. Patent Nos. 5,349,678; 5,568,645; 5,987,499; 5,468,947; 5,892,971; 4,972,463; 5,218,188; 5,239,662; and 5,322,991. "RELATED PATENTS" includes, but is not limited to, all parents, continuations, continuations in part and divisions.

16. The term "DATA CAPTURE DOCUMENTS" means DOCUMENTS RELATED TO the subject matter of U.S. Patent Nos. 5,349,678; 5,568,645; 5,987,499; 5,468,947; and 5,892,971 that were in YOUR possession and/or of which YOU had knowledge prior to November 16, 1999.

17. The term "CUSTODIAN" shall mean a PERSON who is responsible for or has knowledge of how a DOCUMENT was prepared, maintained, and/or kept.

## II.   GENERAL INSTRUCTIONS

1. All DOCUMENTS must be produced in a form that renders them susceptible to copying.

2. DOCUMENTS should be segregated and identified by the request(s) to which they are primarily responsive or produced as they are kept in the usual course of business.

3. If YOU are unable to comply fully with any request herein, comply to the extent possible and provide a detailed explanation as to why full compliance is not possible.

4. All requests herein are directed to those DOCUMENTS within YOUR possession, custody or control, or within the possession, custody or control of YOUR agents, servants and employees and YOUR attorneys. They also are directed to those firms,

corporations, partnerships, or trusts that YOU control and to DOCUMENTS in the possession, custody or control of employees, agents and representatives of such entities.

    5.    When any original, draft, copy or reproduction of any DOCUMENT responsive to any of the following requests contains or has been revised to include any postscript, notation, change, amendment, or addendum not appearing on said DOCUMENT itself as originally written, typed or otherwise prepared, produce each such revised original, draft, copy or reproduction.

    6.    If any DOCUMENT called for is not available or accessible, is no longer in existence, or is withheld under a claim or privilege of protection against discovery, give the following information for that DOCUMENT:

        a.    The name and title of the author(s);

        b.    The name and title of each PERSON to whom the DOCUMENT was addressed;

        c.    The name and title of each PERSON to whom a copy of the DOCUMENT was sent, directed, circulated, or distributed;

        d.    The date of the DOCUMENT;

        e.    The number of pages;

        f.    A brief description of the nature and subject matter of the DOCUMENT in sufficient detail to permit other parties to this action to assess the applicability of the asserted privilege or immunity; and

        g.    The number of the request to which the DOCUMENT is responsive;

        h.    The name of each PERSON now in possession of the DOCUMENT or any identical or non-identical copy;

        i.    The basis of the claim of privilege or protection against discovery (if applicable);

        j.    The reasons why the DOCUMENT is not available or accessible (if applicable); and

        k.    The reason why a DOCUMENT is no longer in existence (if applicable).

    7.    The time period covered by these requests, unless otherwise indicated, extends from August 15, 1985 through the date of YOUR response hereto.

    8.    If a particular DOCUMENT request or part thereof cannot be answered:

        a.    Specify the reasons for YOUR inability to answer the remainder thereof; and

      b.    Identify any DOCUMENTS that might contain material relevant to the answer sought.

### III. REQUESTS FOR PRODUCTION

1. All DOCUMENTS RELATING TO the INTERMEC PATENTS and the RELATED PATENTS.

2. All DOCUMENTS RELATING TO YOUR prosecution of the INTERMEC PATENTS and the RELATED PATENTS.

3. All DOCUMENTS RELATING TO PRIOR ART to the INTERMEC PATENTS and to the RELATED PATENTS.

4. All DATA CAPTURE DOCUMENTS.

5. All DOCUMENTS YOU obtained from any source during or RELATING TO YOUR prosecution of the INTERMEC PATENTS and the RELATED PATENTS, which further RELATE TO conception and reduction to practice of the inventions, or any part of the inventions, described in those patents.

6. All DOCUMENTS YOU obtained from any source during or RELATING TO YOUR prosecution of the INTERMEC PATENTS and the RELATED PATENTS, which further RELATE TO any public use of the inventions, or any part of the inventions, described in those patents.

7. All DOCUMENTS YOU obtained from any source during or RELATING TO YOUR prosecution of the INTERMEC PATENTS and the RELATED PATENTS, which further RELATE TO any disclosure of the inventions, or any part of the inventions, described in those patents, to any third parties.

8. All DOCUMENTS YOU obtained from any source during or RELATING TO YOUR prosecution of the INTERMEC PATENTS and the RELATED PATENTS, which further RELATE TO design, manufacture, marketing, advertising, licensing and sale of the inventions, or any part of the inventions, described in those patents.

9. All DOCUMENTS YOU obtained from any source during or RELATING TO YOUR prosecution of the INTERMEC PATENTS and the RELATED PATENTS, which further RELATE TO any offer to sell the inventions, or any part of the inventions, described in those patents.

10. All DOCUMENTS RELATING TO any COMMUNICATION with John (Jack) H. Sherman CONCERNING the INTERMEC PATENTS, including the inventions claimed and disclosed therein.

11. All DOCUMENTS RELATING TO any COMMUNICATION with the named inventors of the INTERMEC PATENTS CONCERNING the specific INTERMEC PATENTS in which they are named as inventors.

12. All DOCUMENTS RELATING TO any COMMUNICATION with any PERSON CONCERNING the prosecution of any one or more of the INTERMEC PATENTS.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on July 30, 2008, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I further certify that on July 30, 2008, the attached document was Electronically Mailed to the following person(s):

Jack B. Blumenfeld
Rodger D. Smith, II
Morris, Nichols, Arsht & Tunnell LLP
1201 N. Market Street
Wilmington, DE 19899
JBlumenfeld@MNAT.com
rdsefiling@mnat.com

Carson P. Veach
Leland W. Hutchinson, Jr.
Jacob D. Koering
Freeborn & Peters LLP
311 South Wacker Drive, Suite 3000
Chicago, IL 60606
cveach@freebornpeters.com
lhutchinson@freebornpeters.com
jkoering@freebornpeters.com

By: /s/ David E. Moore
Richard L. Horwitz
David E. Moore
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, Delaware 19899-0951
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

805081 / 31950