IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| INTERMEC TECHNOLOGIES CORP., | ) | |
| a Delaware corporation, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 07-272 (SLR) |
| | ) | |
| PALM, INC., | ) | |
| a Delaware corporation, | ) | |
| | ) | |
| Defendant. | ) | |

## NOTICE OF SUBPOENAS

PLEASE TAKE NOTICE THAT, pursuant to Rule 45 of the Federal Rules of Civil Procedure, Plaintiff Intermec Technologies Corp. is causing or has caused the attached subpoenas for documents and deposition (Tabs 1-6) to be served on the following:

| Tab | Person | Date of Production | Date of Deposition |
|---|---|---|---|
| 1 | Craig S. Skinner | August 19, 2008 | August 26, 2008 |
| 2 | David Mau | August 20, 2008 | August 26, 2008 |
| 3 | Edward Vertatschitsch | August 20, 2008 | August 27, 2008 |
| 4 | Francis J. Canova | August 20, 2008 | August 27, 2008 |
| 5 | Eric M. Lunsford | August 20, 2008 | August 27, 2008 |
| 6 | Neal A. Osborn | August 21, 2008 | August 28, 2008 |

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Rodger D. Smith II*

_____
Jack B. Blumenfeld (#1014)
Rodger D. Smith II (#3778)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
   *Attorneys for Plaintiff*
   *Intermec Technologies Corp.*

OF COUNSEL:

Carson P. Veach
Leland W. Hutchinson, Jr.
Jacob D. Koering
FREEBORN & PETERS LLP
311 South Wacker Drive
Suite 3000
Chicago, IL  60606
(312) 360-6000

July 30, 2008
2432115

<u>**CERTIFICATE OF SERVICE**</u>

        I hereby certify that on July 30, 2008, I caused the foregoing to be electronically

filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to:

        Richard L. Horwitz, Esquire
        David E. Moore, Esquire
        Potter Anderson & Corroon LLP

        I further certify that I caused to be served copies of the foregoing document on

July 30, 2008, upon the following in the manner indicated:

Richard L. Horwitz                       *VIA HAND AND ELECTRONIC MAIL*
David E. Moore
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 North Market Street
Wilmington, DE  19801
rhorwitz@potteranderson.com
dmoore@potteranderson.com

Robert T. Haslam                          *VIA ELECTRONIC MAIL*
Nitin Subhedar
Jaideep Venkatesan
HELLER EHRMAN LLP
275 Middlefield Road
Menlo Park, CA  94025
robert.haslam@hellerehrman.com
nitin.subhedar@hellerehrman.com
jay.venkatesan@hellerehrman.com

Robert D. Fram                            *VIA ELECTRONIC MAIL*
Michael M. Markman
Robert J. Williams
HELLER EHRMAN LLP
333 Bush Street
San Francisco, CA  94104-2878
robert.fram@hellerehrman.com
michael.markman@hellerehrman.com
robert.williams@hellerehrman.com

                            */s/ Rodger D. Smith II*
                            ——————————————————
                            Rodger D. Smith II (#3778)

# TAB 1

AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

| Western | DISTRICT OF | Washington |

INTERMEC TECHNOLOGIES CORP.

V.

PALM, INC.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]  C.A. No. 07-272-SLR

TO:  Craig S. Skinner
13514 80th Street
Snohomish, WA  98290

United States District Court
for the District of Delaware

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☑  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION   Osborn Machler<br>2125 5th Avenue, Seattle, WA  98121 | DATE AND TIME<br>8/26/2008 1:00 pm |
|---|---|

☑  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Exhibit A attached hereto

| PLACE   Osborn Machler<br>2125 5th Avenue, Seattle, WA  98121 | DATE AND TIME<br>8/19/2008 10:00 am |
|---|---|

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

   Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
|  | 7/30/2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
David S. Becker, 311 South Wacker Drive, Suite 3000, Chicago, IL  60606
312-360-6000

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
|  |  |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
|  |  |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on

|  |  |
|---|---|
| DATE | SIGNATURE OF SERVER |
|  | ADDRESS OF SERVER |

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

## EXHIBIT A

Pursuant to the Definition and Instructions below, you are instructed to produce, on or before the date indicated on the attached subpoena, the following categories of documents:

## CATEGORIES OF DOCUMENTS FOR PRODUCTION

### CATEGORY 1:

Documents relating to the conception and reduction to practice of the subject matter claimed in the '049 Patent.

### CATEGORY 2:

Documents relating to the drafting and prosecution of the '049 Patent and any patent applications from which the '049 Patent issued.

### CATEGORY 3:

Documents relating to the ownership, assignment, acquisition, transfer, offer to sell, offer to buy, or offer to assign any interest in the '049 Patent.

### CATEGORY 4:

Documents relating to the addition, modification or withdrawal of any claims in any of the applications for the '049 Patent.

### CATEGORY 5:

Communications between You and any third party relating to the prosecution, validity, scope and/or enforceability of the '049 Patent.

### CATEGORY 6:

Documents relating to any legal or technical opinion, advice or consultation with You concerning the validity, scope, unenforceability or infringement of the '049 Patent.

## CATEGORY 7:

Your laboratory notebooks or other notes relating to the time-period from November 1999 through December 2003, along with any other notes relating to the conception of the subject matter of the '049 Patent.

## DEFINITIONS

As used herein:

1.     "Palm" means defendant Palm, Inc.

2.     "You," "Your," or "Yours," means and refers to Craig S. Skinner and any of his/her representatives, consultants, attorneys and others acting for or on behalf of Craig S. Skinner.

3.     "Intermec" means and refers to any one or more of plaintiffs Intermec, Inc., Intermec Technologies Corporation and Intermec IP Corporation, and all predecessors, successors, subsidiaries, divisions, parents and affiliates thereof, past or present, joint ventures, and other legal entities that are wholly owned or controlled by the plaintiff(s), either directly or indirectly, and all past or present directors, principles, officers, owners, employees, agents, representatives, consultants, attorneys and others acting for or on behalf these same entities.

4.     "'049 Patent" means U.S. Patent 7,096,049 which lists You as an Inventor.

## INSTRUCTIONS

1.     To the extent any Request seeks documents also covered by any other Request(s), it is for purposes of completeness only, and should in no way be construed as limiting or otherwise narrowing any of the other Requests herein.

2

2.      These Requests extend to all documents in Your possession, custody, and/or control, as well as all documents in the possession, custody, or control of persons or entities under Your control.

3.      In the event that more than one copy of a document exists, You should produce the original and each non-identical copy of each document or other tangible thing requested herein which is in Your possession, custody or control, or the control of its agents, attorneys, accountants, or employees.

4.      You should comply with the Requirements of Rule 26(b)(5) of the Federal Rules of Civil Procedure regarding claims of privilege.

5.      These Requests shall be deemed to be continuing in nature to the fullest extent permitted by law.  If further responsive information comes into Your possession or attention at any time during the course of this proceeding, such information must be provided as required by the Federal Rules of Civil Procedure.

# TAB 2

AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

Western _____ DISTRICT OF _____ Washington

INTERMEC TECHNOLOGIES CORP.

V.

PALM, INC.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]  C.A. No. 07-272-SLR

TO:  David Mai
     6606 119th Ave. SE
     Bellevue, WA  98006

United States District Court
for the District of Delaware

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☑  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION  Osborn Machler<br>2125 5th Avenue, Seattle, WA  98121 | DATE AND TIME<br>8/26/2008 9:00 am |
|---|---|

☑  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Exhibit A attached hereto

| PLACE  Osborn Machler<br>2125 5th Avenue, Seattle, WA  98121 | DATE AND TIME<br>8/20/2008 10:00 am |
|---|---|

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

   Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]* | 7/30/2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
David S. Becker, 311 South Wacker Drive, Suite 3000, Chicago, IL  60606
312-360-6000

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                      DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises—or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

## EXHIBIT A

Pursuant to the Definition and Instructions below, you are instructed to produce, on or before the date indicated on the attached subpoena, the following categories of documents:

## CATEGORIES OF DOCUMENTS FOR PRODUCTION

### CATEGORY 1:

Documents relating to the conception and reduction to practice of the subject matter claimed in the '049 Patent.

### CATEGORY 2:

Documents relating to the drafting and prosecution of the '049 Patent and any patent applications from which the '049 Patent issued.

### CATEGORY 3:

Documents relating to the ownership, assignment, acquisition, transfer, offer to sell, offer to buy, or offer to assign any interest in the '049 Patent.

### CATEGORY 4:

Documents relating to the addition, modification or withdrawal of any claims in any of the applications for the '049 Patent.

### CATEGORY 5:

Communications between You and any third party relating to the prosecution, validity, scope and/or enforceability of the '049 Patent.

### CATEGORY 6:

Documents relating to any legal or technical opinion, advice or consultation with You concerning the validity, scope, unenforceability or infringement of the '049 Patent.

## CATEGORY 7:

Your laboratory notebooks or other notes relating to the time-period from November 1999 through December 2003, along with any other notes relating to the conception of the subject matter of the '049 Patent.

## DEFINITIONS

As used herein:

1.    "Palm" means defendant Palm, Inc.

2.    "You," "Your," or "Yours," means and refers to David Mai and any of his/her representatives, consultants, attorneys and others acting for or on behalf of David Mai.

3.    "Intermec" means and refers to any one or more of plaintiffs Intermec, Inc., Intermec Technologies Corporation and Intermec IP Corporation, and all predecessors, successors, subsidiaries, divisions, parents and affiliates thereof, past or present, joint ventures, and other legal entities that are wholly owned or controlled by the plaintiff(s), either directly or indirectly, and all past or present directors, principles, officers, owners, employees, agents, representatives, consultants, attorneys and others acting for or on behalf these same entities.

4.    "'049 Patent" means U.S. Patent 7,096,049 which lists You as an Inventor.

## INSTRUCTIONS

1.    To the extent any Request seeks documents also covered by any other Request(s), it is for purposes of completeness only, and should in no way be construed as limiting or otherwise narrowing any of the other Requests herein.

2

2.     These Requests extend to all documents in Your possession, custody, and/or control, as well as all documents in the possession, custody, or control of persons or entities under Your control.

3.     In the event that more than one copy of a document exists, You should produce the original and each non-identical copy of each document or other tangible thing requested herein which is in Your possession, custody or control, or the control of its agents, attorneys, accountants, or employees.

4.     You should comply with the Requirements of Rule 26(b)(5) of the Federal Rules of Civil Procedure regarding claims of privilege.

5.     These Requests shall be deemed to be continuing in nature to the fullest extent permitted by law.  If further responsive information comes into Your possession or attention at any time during the course of this proceeding, such information must be provided as required by the Federal Rules of Civil Procedure.

TAB 3

AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the

# UNITED STATES DISTRICT COURT

| Western | DISTRICT OF | Washington |
| --- | --- | --- |

| INTERMEC TECHNOLOGIES CORP. | **SUBPOENA IN A CIVIL CASE** |
| --- | --- |
| V. | |
| PALM, INC. | Case Number:[1]   C.A. No. 07-272-SLR |

TO:  Edward Joseph Vertatschitsch
16547 SE 57th Place
Bellevue, WA  98006

United States District Court
for the District of Delaware

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
| | DATE AND TIME |

☑  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION   Osborn Machler 2125 5th Avenue, Seattle, WA  98121 | DATE AND TIME 8/27/2008 9:00 am |
| --- | --- |

☑  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
See Exhibit A attached hereto

| PLACE   Osborn Machler 2125 5th Avenue, Seattle, WA  98121 | DATE AND TIME 8/20/2008 10:00 am |
| --- | --- |

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
| --- | --- |
| | 7/30/2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
David S. Becker, 311 South Wacker Drive, Suite 3000, Chicago, IL  60606
312-360-6000

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/06) Subpoena in a Civil Case

---

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

## EXHIBIT A

Pursuant to the Definition and Instructions below, you are instructed to produce, on or before the date indicated on the attached subpoena, the following categories of documents:

## CATEGORIES OF DOCUMENTS FOR PRODUCTION

### CATEGORY 1:

Documents relating to the conception and reduction to practice of the subject matter claimed in the '049 Patent.

### CATEGORY 2:

Documents relating to the drafting and prosecution of the '049 Patent and any patent applications from which the '049 Patent issued.

### CATEGORY 3:

Documents relating to the ownership, assignment, acquisition, transfer, offer to sell, offer to buy, or offer to assign any interest in the '049 Patent.

### CATEGORY 4:

Documents relating to the addition, modification or withdrawal of any claims in any of the applications for the '049 Patent.

### CATEGORY 5:

Communications between You and any third party relating to the prosecution, validity, scope and/or enforceability of the '049 Patent.

### CATEGORY 6:

Documents relating to any legal or technical opinion, advice or consultation with You concerning the validity, scope, unenforceability or infringement of the '049 Patent.

## CATEGORY 7:

Your laboratory notebooks or other notes relating to the time-period from November 1999 through December 2003, along with any other notes relating to the conception of the subject matter of the '049 Patent.

## DEFINITIONS

As used herein:

1.    "Palm" means defendant Palm, Inc.

2.    "You," "Your," or "Yours," means and refers to Edward Joseph Vertatschitsch and any of his/her representatives, consultants, attorneys and others acting for or on behalf of Edward Joseph Vertatschitsch.

3.    "Intermec" means and refers to any one or more of plaintiffs Intermec, Inc., Intermec Technologies Corporation and Intermec IP Corporation, and all predecessors, successors, subsidiaries, divisions, parents and affiliates thereof, past or present, joint ventures, and other legal entities that are wholly owned or controlled by the plaintiff(s), either directly or indirectly, and all past or present directors, principles, officers, owners, employees, agents, representatives, consultants, attorneys and others acting for or on behalf these same entities.

4.    "'049 Patent" means U.S. Patent 7,096,049 which lists You as an Inventor.

## INSTRUCTIONS

1.    To the extent any Request seeks documents also covered by any other Request(s), it is for purposes of completeness only, and should in no way be construed as limiting or otherwise narrowing any of the other Requests herein.

2

2.     These Requests extend to all documents in Your possession, custody, and/or control, as well as all documents in the possession, custody, or control of persons or entities under Your control.

3.     In the event that more than one copy of a document exists, You should produce the original and each non-identical copy of each document or other tangible thing requested herein which is in Your possession, custody or control, or the control of its agents, attorneys, accountants, or employees.

4.     You should comply with the Requirements of Rule 26(b)(5) of the Federal Rules of Civil Procedure regarding claims of privilege.

5.     These Requests shall be deemed to be continuing in nature to the fullest extent permitted by law.  If further responsive information comes into Your possession or attention at any time during the course of this proceeding, such information must be provided as required by the Federal Rules of Civil Procedure.

TAB 4

AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

Northern        DISTRICT OF        California

INTERMEC TECHNOLOGIES, CORP.

V.

PALM, INC.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] C.A. No. 07-272-SLR

TO:  Francis J. Canova
3337 Morning View
Fremont, California 94539

United States District Court
for the District of Delaware

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION   Merrill Legal Solutions, Inc.<br>199 Fremont Street, 9th Floor, San Francisco, CA 94105 | DATE AND TIME<br>8/27/2008 9:00 am |
|---|---|

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
See Exhibit A attached hereto

| PLACE    Merrill Legal Solutions, Inc.<br>135 Main Street, 4th Floor, San Francisco, CA 94105 | DATE AND TIME<br>8/20/2008 10:00 am |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

    Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
|  | 7 - 30 - 08 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
David S. Becker, 311 South Wacker Drive, Suite 3000, Chicago, IL 60606
312-360-6000

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                    DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

## EXHIBIT A

Pursuant to the Definition and Instructions below, you are instructed to produce, on or before the date indicated on the attached subpoena, the following categories of documents:

## CATEGORIES OF DOCUMENTS FOR PRODUCTION

### CATEGORY 1:

Documents relating to the conception and reduction to practice of the subject matter claimed in the '803 Patent.

### CATEGORY 2:

Documents relating to the drafting and prosecution of the '803 Patent and any patent applications from which the '803 Patent issued.

### CATEGORY 3:

Documents relating to the ownership, assignment, acquisition, transfer, offer to sell, offer to buy, or offer to assign any interest in the '803 Patent.

### CATEGORY 4:

Documents relating to the addition, modification or withdrawal of any claims in any of the applications for the '803 Patent.

### CATEGORY 5:

Communications between You and any third party relating to the prosecution, validity, scope and/or enforceability of the '803 Patent.

### CATEGORY 6:

Documents relating to any legal or technical opinion, advice or consultation with You concerning the validity, scope, unenforceability or infringement of the '803 Patent.

**CATEGORY 7:**

Your laboratory notebooks or other notes relating to the time-period from November 1999 through December 2003, along with any other notes relating to the conception of the subject matter of the '803 Patent.

## DEFINITIONS

As used herein:

1.      "Palm" means defendant Palm, Inc.

2.      "You," "Your," or "Yours," means and refers to Francis J. Canova and any of his/her representatives, consultants, attorneys and others acting for or on behalf of Francis J. Canova.

3.      "Intermec" means and refers to any one or more of plaintiffs Intermec, Inc., Intermec Technologies Corporation and Intermec IP Corporation, and all predecessors, successors, subsidiaries, divisions, parents and affiliates thereof, past or present, joint ventures, and other legal entities that are wholly owned or controlled by the plaintiff(s), either directly or indirectly, and all past or present directors, principles, officers, owners, employees, agents, representatives, consultants, attorneys and others acting for or on behalf these same entities.

4.      "'803 Patent" means U.S. Patent 6,665,803 which lists You as an Inventor.

## INSTRUCTIONS

1.      To the extent any Request seeks documents also covered by any other Request(s), it is for purposes of completeness only, and should in no way be construed as limiting or otherwise narrowing any of the other Requests herein.

2.      These Requests extend to all documents in Your possession, custody, and/or control, as well as all documents in the possession, custody, or control of persons or entities under Your control.

3.      In the event that more than one copy of a document exists, You should produce the original and each non-identical copy of each document or other tangible thing requested herein which is in Your possession, custody or control, or the control of its agents, attorneys, accountants, or employees.

4.      You should comply with the Requirements of Rule 26(b)(5) of the Federal Rules of Civil Procedure regarding claims of privilege.

5.      These Requests shall be deemed to be continuing in nature to the fullest extent permitted by law.  If further responsive information comes into Your possession or attention at any time during the course of this proceeding, such information must be provided as required by the Federal Rules of Civil Procedure.

# TAB 5

AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the

# UNITED STATES DISTRICT COURT

Northern                      DISTRICT OF                      California

INTERMEC TECHNOLOGIES CORP.

V.

PALM, INC.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]  C.A. No. 07-272-SLR

TO:   Eric M. Lunsford
      17 Windsor Drive
      San Carlos, CA  94070

United States District Court
for the District of Delaware

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to
   testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☑  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition
   in the above case.

| PLACE OF DEPOSITION  Merrill Legal Solutions, Inc.<br>199 Fremont Street, 9th Floor, San Francisco, CA  94105 | DATE AND TIME<br>8/27/2008 1:00 pm |
|---|---|

☑  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the
   place, date, and time specified below (list documents or objects):
See Exhibit A attached hereto

| PLACE   Merrill Legal Solutions, Inc.<br>135 Main Street, 4th Floor, San Francisco, CA  94105 | DATE AND TIME<br>8/20/2008 10:00 am |
|---|---|

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

   Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers,
directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the
matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
|  | 7/30/2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
David S. Becker, 311 South Wacker Drive, Suite 3000, Chicago, IL  60606
312-360-6000

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                    DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

## EXHIBIT A

Pursuant to the Definition and Instructions below, you are instructed to produce, on or before the date indicated on the attached subpoena, the following categories of documents:

## CATEGORIES OF DOCUMENTS FOR PRODUCTION

## CATEGORY 1:

Documents relating to the conception and reduction to practice of the subject matter claimed in the '803 Patent.

## CATEGORY 2:

Documents relating to the drafting and prosecution of the '803 Patent and any patent applications from which the '803 Patent issued.

## CATEGORY 3:

Documents relating to the ownership, assignment, acquisition, transfer, offer to sell, offer to buy, or offer to assign any interest in the '803 Patent.

## CATEGORY 4:

Documents relating to the addition, modification or withdrawal of any claims in any of the applications for the '803 Patent.

## CATEGORY 5:

Communications between You and any third party relating to the prosecution, validity, scope and/or enforceability of the '803 Patent.

## CATEGORY 6:

Documents relating to any legal or technical opinion, advice or consultation with You concerning the validity, scope, unenforceability or infringement of the '803 Patent.

## CATEGORY 7:

Your laboratory notebooks or other notes relating to the time-period from November 1999 through December 2003, along with any other notes relating to the conception of the subject matter of the '803 Patent.

## DEFINITIONS

As used herein:

1.     "Palm" means defendant Palm, Inc.

2.     "You," "Your," or "Yours," means and refers to Eric M. Lunsford and any of his/her representatives, consultants, attorneys and others acting for or on behalf of Eric M. Lunsford.

3.     "Intermec" means and refers to any one or more of plaintiffs Intermec, Inc., Intermec Technologies Corporation and Intermec IP Corporation, and all predecessors, successors, subsidiaries, divisions, parents and affiliates thereof, past or present, joint ventures, and other legal entities that are wholly owned or controlled by the plaintiff(s), either directly or indirectly, and all past or present directors, principles, officers, owners, employees, agents, representatives, consultants, attorneys and others acting for or on behalf these same entities.

4.     "'803 Patent" means U.S. Patent 6,665,803 which lists You as an Inventor.

## INSTRUCTIONS

1.     To the extent any Request seeks documents also covered by any other Request(s), it is for purposes of completeness only, and should in no way be construed as limiting or otherwise narrowing any of the other Requests herein.

2

2.     These Requests extend to all documents in Your possession, custody, and/or control, as well as all documents in the possession, custody, or control of persons or entities under Your control.

3.     In the event that more than one copy of a document exists, You should produce the original and each non-identical copy of each document or other tangible thing requested herein which is in Your possession, custody or control, or the control of its agents, attorneys, accountants, or employees.

4.     You should comply with the Requirements of Rule 26(b)(5) of the Federal Rules of Civil Procedure regarding claims of privilege.

5.     These Requests shall be deemed to be continuing in nature to the fullest extent permitted by law.  If further responsive information comes into Your possession or attention at any time during the course of this proceeding, such information must be provided as required by the Federal Rules of Civil Procedure.

# TAB 6

AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

Northern                          DISTRICT OF                          California

INTERMEC TECHNOLOGIES, CORP.                    **SUBPOENA IN A CIVIL CASE**

V.

PALM, INC.

Case Number:[1]  C.A. No. 07-272-SLR

TO:   Neal A. Osborn                              United States District Court
      2053 Skyline Dr.                            for the District of Delaware
      Milpitas, CA 95035

☐   YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☑   YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION  Merrill Legal Solutions, Inc.<br>199 Fremont Street, 9th Floor, San Francisco, CA 94105 | DATE AND TIME<br>8/28/2008 9:00 am |
|---|---|

☑   YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Exhibit A attached hereto

| PLACE   Merrill Legal Solutions, Inc.<br>135 Main Street, 4th Floor, San Francisco, CA 94105 | DATE AND TIME<br>8/21/2008 10:00 am |
|---|---|

☐   YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

   Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
|  | 7 - 30 - 08 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
David S. Becker, 311 South Wacker Drive, Suite 3000, Chicago, IL 60606
312-360-6000

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises—or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

## EXHIBIT A

Pursuant to the Definition and Instructions below, you are instructed to produce, on or before the date indicated on the attached subpoena, the following categories of documents:

## CATEGORIES OF DOCUMENTS FOR PRODUCTION

**CATEGORY 1:**

Documents relating to the conception and reduction to practice of the subject matter claimed in the '803 Patent.

**CATEGORY 2:**

Documents relating to the drafting and prosecution of the '803 Patent and any patent applications from which the '803 Patent issued.

**CATEGORY 3:**

Documents relating to the ownership, assignment, acquisition, transfer, offer to sell, offer to buy, or offer to assign any interest in the '803 Patent.

**CATEGORY 4:**

Documents relating to the addition, modification or withdrawal of any claims in any of the applications for the '803 Patent.

**CATEGORY 5:**

Communications between You and any third party relating to the prosecution, validity, scope and/or enforceability of the '803 Patent.

**CATEGORY 6:**

Documents relating to any legal or technical opinion, advice or consultation with You concerning the validity, scope, unenforceability or infringement of the '803 Patent.

## CATEGORY 7:

Your laboratory notebooks or other notes relating to the time-period from November 1999 through December 2003, along with any other notes relating to the conception of the subject matter of the '803 Patent.

## DEFINITIONS

As used herein:

1.    "Palm" means defendant Palm, Inc.

2.    "You," "Your," or "Yours," means and refers to Neal A. Osborn and any of his/her representatives, consultants, attorneys and others acting for or on behalf of Neal A. Osborn.

3.    "Intermec" means and refers to any one or more of plaintiffs Intermec, Inc., Intermec Technologies Corporation and Intermec IP Corporation, and all predecessors, successors, subsidiaries, divisions, parents and affiliates thereof, past or present, joint ventures, and other legal entities that are wholly owned or controlled by the plaintiff(s), either directly or indirectly, and all past or present directors, principles, officers, owners, employees, agents, representatives, consultants, attorneys and others acting for or on behalf these same entities.

4.    "'803 Patent" means U.S. Patent 6,665,803 which lists You as an Inventor.

## INSTRUCTIONS

1.    To the extent any Request seeks documents also covered by any other Request(s), it is for purposes of completeness only, and should in no way be construed as limiting or otherwise narrowing any of the other Requests herein.

2

2.     These Requests extend to all documents in Your possession, custody, and/or control, as well as all documents in the possession, custody, or control of persons or entities under Your control.

3.     In the event that more than one copy of a document exists, You should produce the original and each non-identical copy of each document or other tangible thing requested herein which is in Your possession, custody or control, or the control of its agents, attorneys, accountants, or employees.

4.     You should comply with the Requirements of Rule 26(b)(5) of the Federal Rules of Civil Procedure regarding claims of privilege.

5.     These Requests shall be deemed to be continuing in nature to the fullest extent permitted by law.  If further responsive information comes into Your possession or attention at any time during the course of this proceeding, such information must be provided as required by the Federal Rules of Civil Procedure.