IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INTERMEC TECHNOLOGIES CORP., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. No. 07-272-SLR |
| ) | |
| PALM INC., ) | |
| Defendant. ) | |

**MEMORANDUM ORDER**

At Wilmington this ___7th___ day of June, 2010, having reviewed various outstanding motions and the papers submitted in connection therewith;

IT IS ORDERED that defendant and counter-plaintiff Palm Inc.'s ("Palm") motion to exclude evidence and argument pertaining to plaintiff and counter-defendant Intermec Technologies Corp.'s ("Intermec") Trakker product ("Trakker") (D.I. 210) is denied for the reasons that follow.

1. On July 23, 2009, at the deposition of its expert, Mr. Koenck ("Koenck"), Intermec first asserted invalidity of Palm's U.S. Patent No. 6,665,803 ("'803 patent") based on consideration of the Trakker as prior art. (D.I. 211 at 3; D.I. 250 at 8) At that time, Intermec offered a stack of documents to Palm purportedly relating to the Trakker, and offered to have Koenck testify about the documents, the Trakker, and his opinions regarding invalidity of the '803 patent relative to the Trakker ("Trakker disclosures"). (*Id.*) On September 11, 2009, Intermec filed Koenck's declaration (D.I. 157) supporting Intermec's motion for summary judgment of invalidity of, inter alia, the '803 patent (D.I.

162) based on the Trakker as prior art. Trial has not yet been scheduled. This court has jurisdiction under 28 U.S.C. § 1338(a) and 35 U.S.C. § 101 et seq.

2. Palm argues that Intermec's proffer of the Trakker disclosures is untimely[1] and, further, that the Koenck declaration contains only unsupported assertions of fact and unfounded opinions. (D.I. 211 at 2-3) Intermec responds that the Trakker disclosures were timely in that they were necessarily responsive to multiple alleged alterations in Palm's infringement contentions, the last being July 14, 2009; that even if Palm did not change its infringement contentions, Koenck believed this to be the case. (D.I. 250 at 6, 10) Intermec further points out that Koenck relied on Trakker circuit diagrams and a user manual in forming his opinion related to the Trakker and invalidity of the '803 patent. (D.I. 250 at 15)

3. "Trial judges are afforded wide discretion in making rulings on the admissibility of evidence." *Quinn v. Consolidated Freightways Corp. of Delaware*, 283 F.3d 572, 576 (3d. Cir. 2002)(citations omitted). "[T]he exclusion of critical evidence is an 'extreme' sanction, not normally to be imposed absent a showing of willful deception or 'flagrant disregard' of a court order by the proponent of the evidence." *Meyers v. Pennypack Woods Home Ownership Ass'n*, 559 F.2d 894, 904 (3d Cir. 1977), *reversed on other grounds*. Appropriate sanctions for violation of a scheduling order by a failure to disclose or supplement with respect to Fed. R. Civ. P. ("Rule") 26(a) or (e), are provided at Rule 37(c). Courts in the Third Circuit must consider five factors when

---

[1] As being "a full 55 days after the close of fact discovery, 48 days after the exchange of Rule 26 Reports, and 17 days after the exchange of Rule 26 Rebuttal Reports." (D.I. 211 at 3)

2

deciding whether to preclude evidence under Rule 37:

> (1) the prejudice or surprise to a party against whom the evidence is offered; (2) ability of the injured party to cure the prejudice; (3) likelihood of disruption of trial; (4) bad faith or willfulness involved in not complying with the disclosure rules; and (5) importance of the evidence to the proffering party.

*GlobespanVirata, Inc. v. Texas Instruments, Inc.*, No. Civ. A. 03-2854(GEB), 2005 WL 1638136 at *2 (D.N.J. July 12, 2005) (*citing Quinn*, 283 F.3d at 577) ("*Meyers* factors"). Although "an affidavit that states facts on which the expert bases an opinion satisfies Rule 56(e) even though the expert does not attach the data supporting the facts," the court may require the expert to furnish the supporting data pursuant to Rule 56(e) and Fed. R. Evid. 705. *M&M Med. Supplies & Serv., Inc. v. Pleasant Valley Hosp.*, 981 F.2d 160, 166 (4th Cir. 1992).

      a. **Prejudice or surprise.** Intermec's Trakker disclosures regarding invalidity were untimely vis a vis the scheduling order. (D.I. 130) Such disclosure, at the commencement of Palm's deposition of Koenck, constitutes prejudice and surprise as to Palm. Intermec's argument that its delay was justified by the alleged changing of Palm's infringement contentions is unavailing. While Koenck may have been under the mistaken impression that invalidity contentions must directly respond to infringement contentions, Intermec was not precluded from proposing claim constructions that would encompass the Trakker as relevant prior art and, thus, could have proffered the Trakker disclosures within the time allotted. "[Parties] often argue[] alternative claim construction theories from the outset of litigation." *Cybor Corp. v. FAS Technologies, Inc.*, 138 F.3d 1448, 1475 n.2 (Fed. Cir. 1998).

b. **Trial.** Disruption of the trial is unlikely as it is not currently scheduled.

c. **Ability to cure.** Intermec alleges that it "offered to work with Palm's attorneys to provide any additional discovery sought on the issue of the Trakker, and to facilitate scheduling a further deposition for Mr. Koenck at a minimum of cost and travel inconvenience for Palm." (D.I. 250 at 9)

d. **Bad faith.** There is no evidence of record that Intermec acted in bad faith or in a willful manner to violate the court's order. Instead, the failure to make earlier Trakker disclosures was related to Koenck's belief that the search for prior art which would invalidate the '803 patent needed to be responsive to Palm's infringement contentions.[2] (D.I. 157 at ¶¶ 2, 4, 5; D.I. 174 at IA 529)

e. **Importance.** Invalidity is a common and important defense to infringement, and evidence of anticipation or obviousness in the form of prior art is critical to such a defense. Therefore, the evidence is important to Intermec, the proffering party. Further, the validity of a patent is a matter of public interest, involving the public's right to an invention.

f. **Summary.** In considering these factors, the court finds that exclusion of the Trakker disclosures would be an extreme and unwarranted sanction in this case.

2. Because Koenck references the source of the facts stated in his opinion,[3] any lack of clarity goes to weight, not admissibility, and can be cured through further limited

---

[2] Although one wonders why counsel for Intermec did not better educate its expert in this regard.

[3] "Intermec provided me with circuit diagrams for the Trakker device and the associated dock sold for use with that device. Intermec also obtained and provided to me a complete 944X Trakker Reader User Manual." (D.I. 157 at ¶ 6)

4

discovery.

THEREFORE, IT IS FURTHER ORDERED that additional discovery will be permitted Palm, limited to matters relating to the Trakker as follows:

(a) Document production shall be completed by June 18, 2010.

(b) Deposition of Mr. Koenck shall be completed by July 19, 2010. The costs associated with the continued deposition shall be paid by Intermec.

(c) Supplemental report by Palm's expert may be completed by August 2, 2010.

IT IS FURTHER ORDERED that Intermec's cross-motion to strike supplemental opinions of Dr. Kevin Almeroth regarding infringement of the '803 patent (D.I. 249) is denied for the reasons that follow:

1. Without considering at this stage whether Palm has in fact changed its infringement contentions relative to the '803 patent, as discussed above, Intermec has proffered evidence of invalidity of the '803 patent which, by its own admission, is directly responsive to Palm's latest infringement contentions. (D.I. 250 at 10)

2. Since Intermec is not being sanctioned by exclusion of this untimely proffered evidence, it will not be prejudiced by Dr. Almeroth's opinions regarding infringement of the '803 patent.

_United States District Judge_