IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INTERMEC TECHNOLOGIES CORP., | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civ. No. 07-272-SLR ) |
| PALM INC., | ) ) |
| Defendant. | ) |

Jack B. Blumenfeld, Esquire and Rodger Dallery Smith, II, Esquire of Morris, Nichols, Arsht & Tunnell LLP, Wilmington, Delaware. Counsel for Plaintiff and Counterclaim Defendant. Of Counsel: Carson P. Veach, Esquire, Leland W. Hutchinson, Jr., Esquire, David S. Becker, Esquire and Jacob D. Koering, Esquire of Freeborn & Peters LLP.

Richard L. Horwitz, Esquire and David Ellis Moore, Esquire of Potter Anderson & Corroon, LLP, Wilmington, Delaware. Counsel for Defendant and Counterclaim Plaintiff. Of Counsel: Robert T. Haslam, Esquire, Michael M. Markman, Esquire, and Robert J. Williams, Esquire of Covington & Burling LLP.

**MEMORANDUM OPINION**

Dated: December 19, 2011
Wilmington, Delaware

ROBINSON, District Judge

## I. INTRODUCTION

On May 18, 2007, Intermec Technologies Corporation ("Intermec" or "plaintiff") filed an action against Palm, Inc. ("Palm" or "defendant") for infringement of five U.S. patents ("the Intermec patents"). (D.I. 1) In its third amended answer, Palm asserted infringement of Palm's U.S. Patent Nos. 6,665,803 ("the '803 patent") and 7,096,049 ("the '049 patent", collectively "the Palm patents").

On September 14, 2010, the court issued a memorandum opinion with respect to the Intermec patents (D.I. 284). Both parties agreed to mediation of the case which was scheduled for December 14, 2010. (D.I. 288; D.I. 289) The parties stipulated, on February 16, 2011, to stay all claims regarding the Palm patents until the conclusion of mediation. (D.I. 291)

On March 22, 2011, Intermec filed a notice of appeal to the Federal Circuit concerning the parties' stipulated judgment of noninfringement of the Intermec patents, which the Federal Circuit docketed on April 6. (D.I. 303) On May 5, 2011, the parties reported to the court that "efforts to mediate the case have not been successful." (*Id.*) After consideration of the parties' respective positions on how to proceed with issues relating to the Palm patents, the court lifted the stay. (D.I. 304)

On September 15, 2011, the court issued a Memorandum Opinion (D.I. 305) and Order (D.I. 306) (collectively "decision at bar") granting in part and denying in part Palm's motion for summary judgment of no invalidity and infringement of Palm's '803 and '049 patents (D.I. 175), and granting in part and denying in part Intermec's motion for summary judgment of noninfringement and invalidity of the '803 and '049 patents

(D.I. 162). The court incorporates by reference the detailed introduction and background provided in the decision at bar.

Currently pending before the court is Intermec's motion for reconsideration (D.I. 308) of the decision at bar. Fact and expert discovery are now closed. Trial has not yet been scheduled. This court has jurisdiction under 28 U.S.C. § 1338(a) and 35 U.S.C. § 101 et seq.

## II. BACKGROUND

On September 11, 2009, Palm filed a motion for summary judgment of no invalidity and infringement of the '803 and '049 patents (D.I. 175). With respect to no invalidity, Palm sought "summary judgment that seven claims of the '049 patent are not invalid [and] that three claims of the '803 patent are not invalid."[1] (D.I. 176 at 1) Intermec filed a cross-motion for summary judgment of noninfringement and invalidity of the '803 and '049 patents (D.I. 162) putting at issue the validity of the asserted claims. (D.I. 163 at 2) As Intermec noted in its opening brief, "Palm has asserted infringement of [c]laims 1-30 of the '803 patent, and [c]laims 1-7 and 9-17 of the '049 patent."[2] (*Id.* at 5)

In the decision at bar, the court found that all of the independent claims of the '803 patent shared both a "signal line" and a "suspension" limitation. (D.I. 305 at 19, 21) Intermec's arguments in support of anticipation of the claims of the '803 patent

---

[1]At issue with respect to Palm's motion for summary judgment of no invalidity are claims 6, 18 and 22 of the '803 patent and claims 4-6, 9, 12 and 16-17 of the '049 patent. (D.I. 176 at 1)

[2]The '803 patent has a total of 30 claims; the '049 patent has a total of 20 claims.

2

were largely directed to these two limitations of the three independent claims. (D.I. 163 at 23-25) With respect to the '049 patent, the court found that the "low level" limitation was common to all of the asserted independent claims.[3] (D.I. 305 at 29) Intermec's argument in support of anticipation of the asserted claims of the '049 patent was, again, largely based on this shared limitation of the asserted independent claims. (D.I. 163 at 25-27) Intermec also argued as to the invalidity of claims 3 and 9 of the '049 patent for reasons of indefiniteness, enablement, and written description. (D.I. 150 at 40; D.I. 163 at 28-29) The court found no indefiniteness, lack of enablement or lack of written description with respect to these claims.

## III. STANDARD OF REVIEW

Motions for reconsideration are the "functional equivalent" of motions to alter or amend judgment under Federal Rule of Civil Procedure 59(e). *See Jones v. Pittsburgh Nat'l Corp.*, 899 F.2d 1350, 1352 (3d Cir. 1990) (citing *Fed. Kemper Ins. Co. v. Rauscher*, 807 F.2d 345, 348 (3d Cir. 1986)). The standard for obtaining relief under Rule 59(e) is difficult for a plaintiff to meet. The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café ex-rel Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (*citing Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985)). Therefore, a court should exercise its discretion to alter or amend its judgment only if the movant demonstrates one of the following: (1) a change in the controlling law; (2) a need to

---

[3]Palm did not assert independent claim 20 of the '049 patent, from which no other claims depend.

3

correct a clear error of law or fact or to prevent manifest injustice; or (3) availability of new evidence not available when the judgment was granted. See id.

A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made. See Glendon Energy Co. v. Borough of Glendon, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993). Motions for reargument or reconsideration may not be used "as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." Brambles USA, Inc. v. Blocker, 735 F. Supp. 1239, 1240 (D. Del. 1990). Reargument, however, may be appropriate where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." Id. at 1241 (citations omitted); see also D. Del. LR 7.1.5.

## IV. DISCUSSION

Intermec submits that reconsideration is necessary to "correct errors of law and fact and to prevent manifest injustice." (D.I.) Specifically, Intermec argues that

> [t]he Court's rulings are in error because they (i) improperly grant Palm summary judgment of validity on claims that were not the subject of Palm's motion and for which Intermec was not given notice of the Court's intent to grant or an opportunity to oppose such a grant of summary judgment; (ii) improperly rejected evidence that the 700 Mono, as a 700 Series product, met every single limitation of the '049 patent claims; (iii) did not consider evidence from Intermec showing the 700 Mono operated the same way as the 700 Color and thus met every single limitation of the '049 patent claims; (iv) did not consider evidence that Koenck '523 disclosed the Low Level Limitation, or erroneously imported a requirement to show a specific operational voltage into that claim limitation (contrary to the Court's holding on infringement); and [v] did not apply the proper standard to these and other facts in granting Palm summary judgment.

4

(D.I. 309 at 1)

## A. Judgment on Claims Not the Subject of Palm's Motion

Intermec argues that the language of the decision at bar is unclear as to whether or not the court granted, *sua sponte*, relief not specifically requested by Palm as to invalidity of claims 1-5, 7-17, 19-21 and 23-30 of the '803 patent, and claims 1-3, 7, 10-11 and 13-15 of the '049 patent ("omitted claims"). (D.I. 309 at 2) Intermec further argues that the court committed error to the extent that the court granted relief for the omitted claims without giving notice of the court's intent to do so or granting an opportunity to oppose. (*Id.* at 1).

The decision at bar provided that

> Palm's motion for summary judgment of no invalidity and infringement of the '803 and '049 patents is granted-in-part with respect to no invalidity of either patent, and is otherwise denied. Intermec's motion for summary judgment of [noninfringement] and invalidity of the '803 and '049 patents is granted-in part with respect to no infringement of claims 17, 18 and 22 of the '803 patent and no infringement of claim 17 of the '049 patent, and otherwise denied.

(D.I. 305 at 50-51) In the decision at bar, the court was ruling on Palm's motion, granting-in-part **Palm's motion** for summary judgment with respect to no invalidity of either patent. The grant of summary judgment, thus, was limited to the relief sought in Palm's motion, and was not a grant, *sua sponte*, of summary judgment with respect to all claims.

The court, therefore, clarifies that in the decision at bar, the court's grant of Palm's motion for summary judgment of no invalidity applied only to claims 6, 18 and 22 of the '803 patent and claims 4-6, 9, 12 and 16-17 of the '049 patent. As the court

5

did not grant relief *sua sponte*, the court does not reach the parties' remaining arguments regarding this issue.

## B. Anticipation of the '049 Patent by the 700 Mono Product

In the decision at bar, the court considered Intermec's argument that Palm itself showed that the '049 patent claims were invalid by accusing a prior art product (the Intermec 700 Mono) of infringement. (D.I. 305 at 45) The court determined that Palm's preliminary infringement contentions were not directed to the 700 Mono product as claimed by Intermec. (*Id.* at 45-46) Although the court considered Intermec's assertion that the 700 Mono "operated in the same manner as the 700 Color," the court determined that the cited evidence[4] did not rise to the level of clear and convincing as necessary to show anticipation. The court did not reach the issue of whether or not the 700 Mono was prior art to the '049 patent.

In the motion at bar, Intermec again argues that "Palm's allegations of infringement against Intermec's '700 Series' products demonstrated on a claim-by-claim, element-by-element basis how those products were covered by the asserted

---

[4]Intermec cited to the deposition testimony of Arvin Danielson. (D.I. 246 at 16) (*citing* D.I. 247, tab 56 at SIA 748) The cited deposition testimony is contained on a single page of the appendix, out of context, and includes the following passages (emphasis added):

Q: Does Exhibit 542 confirm to you that the 700 mono operated in the same way you described yesterday with respect to the 700C?
A: Yes I **believe** so.
* * *
Q: Did you use [Exhibit 543] to refresh your recollection to confirm that it, the 700 Mono[,] operated in the same way you described yesterday with respect to the 700C?
A: Yes. **Basically**, yes.

6

claims of the '049 [p]atent." (D.I. 309 at 4) (*citing* D.I. 169 at IA1864-2300) Intermec further argues that "[t]he '700 Series' includes the 700 Mono product." (*Id.*) (citing D.I. 174 at IA-5104, ¶¶ 27-28) The court notes that the portion of the record pointed to by Intermec recites: "The 700 series is a 'Color Mobile Computer, developed by Intermec.'" (D.I. 169 at IA-1868). "700 series" is not a term of art. Regardless of how Intermec or its expert define the term "700 series," there is no indication that Palm used the term to include the 700 Mono in Palm's preliminary infringement contentions. Intermec had the opportunity to provide its own claim-by-claim, element-by-element expert analysis of anticipation of the '049 patent by the 700 Mono device. It failed to do so, instead relying on a preliminary contention comparing the '049 patent to a different device.

Upon review, the court finds Intermec's remaining arguments regarding anticipation of the '049 patent by the 700 Mono product to be similarly without merit.[5] The court, therefore, denies Intermec's motion for reconsideration as to anticipation of the '049 Patent by the 700 Mono product.

### C. Anticipation of the '049 Patent by Koenck '523

Intermec states that the court "rejected Koenck '523 as prior art because it failed to show a 'charge supplied by the recharger . . . sufficient to supply [the] relatively high

---

[5]For example, Intermec argues that "[e]ven on summary judgment, Palm failed to provide any factual evidence demonstrating that the 700 Mono was structurally or functionally different from the '700 Series' that Palm accused in the infringement contentions," and "[o]n summary judgment, when an accused infringer establishes a *prima facie* case of anticipation, it is up to the patentee to provide some evidence showing a genuine issue of material fact." (D.I. 309 at 5) (*citing* D.I. 209 at 19, other citations omitted)

7

peak current required of the transceiver when the battery charge is too low to do so."[6]
(D.I. 309 at 8) (brackets in original) (*citing* D.I. 305 at 49-50) Intermec asserts here that
"the disclosure in Koenck '523 shows a 'portable RF terminal' that can 'establish an RF
link with a base station computer' **even while** the 'portable RF terminal [is coupled] to a
charger' and 'the battery has a relatively low charge.'" (*Id.*) (emphasis added) (*citing*
D.I. 174, tab 118 at IA-5118) Intermec's fragmented quotation is taken from paragraph
90 of Koenck's expert report.[7] Paragraph 90 recites in full: "Koenck '523 teaches using
a portable RF terminal to establish an RF link with a base station computer. Fig. 27
illustrates coupling the portable RF terminal to a charger, which can occur while the
battery has a relatively low charge." (D.I. 174, tab 118 at IA-5118) (citations omitted)
Paragraph 90 refers to an RF terminal. The RF terminal of Koenck '523 corresponds to
the handheld computer system of the '049 patent and not to the transceiver
component/circuitry of the RF terminal. (*See, e.g.,* '049 patent at col. 4:24-27, figure 3;
Koenck '523 at col. 4:27-32, col. 6:35-39, col. 19:18-21) Moreover, paragraph 90
contains two distinct assertions, first that the RF terminal may be used to establish an
RF link and, second, that the RF terminal can be coupled to a charger when the battery

---

[6]In fact, the court found that "Koenck '523 does not anticipate the claims of the '049 patent," assuming arguendo that Koenck '523 was prior art. (D.I. 305 at 50) The court did not rule on the issue of whether or not Koenck '523 was prior art to the '049 patent.

[7]The court notes that Intermec's earlier brief in the decision at bar cited specifically to paragraphs 89 and 90 (on page IA-5118) in support of this point. (D.I. 163 at 15, 27) ("In addition to disclosing these basic elements, Koenck '523 discloses a device that will power the transceiver on the device when plugged into a dock.")

has a relatively low charge. Koenck's expert report, at paragraph 90, does not combine these separate assertions as does Intermec in its fragmented quotation.

As the court held in the decision at bar, demonstrating compliance with the low level limitation does not require identification of a specific voltage level. (D.I. 305 at 30-31) To comport with the low level limitation one must, however, adduce evidence, inter alia, that the transceiver is operable when the battery is below a low level and external power is provided to the battery and transceiver through the recharging connector. That other circuitry of the hand held computer (or RF terminal) can be operated is inapposite.[8] The evidence must show that the transceiver, and not just the hand held computer, is capable of operation under the imposed conditions. With respect to anticipation, the evidence must be clear and convincing.

Again, Intermec attempts only to reargue the same issues and evidence that were before the court in the decision at bar. The court, therefore, denies Intermec's motion for reconsideration as to anticipation of the '049 patent by Koenck '523.

### D. Intermec's Motion for Noninfringement and the Low Level Limitation

---

[8]The specification of the '049 patent teaches:

> Handheld computing devices that utilize radio frequency (RF) connections for data or voice communications require power for the RF transceiver modules that require substantial signal amplification for transmission and further require transceiver power for reception. Conventionally, handheld computing devices do not allow receiving of RF transmissions and/or the performance of RF transmissions when the battery has a charge that is below a minimum level.

('049 patent at col. 1:28-35) The court, in the decision at bar, noted that Koenck '523 also teaches that operation of the RF transceiver requires more power than other circuitry. (D.I. 305 at 49-50)

9

In the decision at bar, the court concluded that the plain and ordinary meaning of the claim language, with respect to the low level limitation of the '049 patent, required no construction. (D.I. 305 at 29) The court included a graphical representation corresponding to the low level limitation as Diagram 1. (*Id.*) The court found no support for Intermec's argument that "proof of infringement requires identification of a specific voltage level meeting the low level limitation" and, instead, held that "[t]o prove infringement, Palm need only show that a low level exists, such that it comports with the conditions specified by the claims." (*Id.* at 30)

As the court then noted, the claims do not require the battery charge to be measured in volts or any other particular unit, nor must such a **specific** low level be determined by experimentation or measurement. (*Id.* at 30-31) To comport with the claim language, it is sufficient to demonstrate that two battery charge levels "A" and "B" exist such that: (1) A is greater than B; (2) when not connected to the recharger, the transceiver is operable at level A; (3) when not connected to the recharger, the transceiver is not operable at level B; and (4) the transceiver is operable at level B when connected to the recharger.[9] Such a boundary (the low level) must then exist somewhere between A and B, even if the specific battery charge level at which it exists is not known. The parties' experts each performed experiments on the CN3 of the aforesaid nature, reporting different results. (D.I. 305 at 31) (citing D.I. 176 at 24-29; D.I. 201 at 18-21) The court held that "[a] genuine issue of material fact exists as to

---

[9] It is also required to show that external power is supplied to both the battery and the transceiver through the recharging connector.

10

this limitation of the independent claims at issue and, therefore, summary judgment of infringement is precluded."

Intermec argues, "[t]he court read out the requirement of a 'battery charge level' in finding a question of fact regarding infringement of the '049 [p]atent. It is undisputed that Palm does not have any evidence regarding the battery charge level at which Intermec's devices enter the 'suspend' mode and cease transmitting. . . ." Once again, Intermec attempts only to reargue the same issues and evidence that were before the court in the decision at bar. The court denies Intermec's motion for reconsideration as to noninfringement of the '049 patent by the CN3.

### E. Summary

In its motion for reconsideration, Intermec does not point to a change in the controlling law or any newly discovered evidence. Intermec has not shown a need to correct a clear error of law or fact to prevent manifest injustice. Intermec has not demonstrated that the court has patently misunderstood a party, has made a decision outside the adversarial issues presented to the court by the parties, or has made an error of apprehension. Intermec's chief complaint is that the court did not weigh the facts of record as Intermec would have wanted. Such is insufficient to meet the motion for reconsideration standard.

## V. CONCLUSION

For the above reasons, the court denies Intermec's motion for reconsideration (D.I. 308). An appropriate order will issue.